Eric Christopher SMITH, Appellant,

v.

STATE of Texas, Appellee.

No. 11–03–00098–CR.

Court of Appeals of Texas,
Eastland.

April 8, 2004.

Rehearing Overruled May 13, 2004.

Ted Sansom, Rockwall, for appellant.

Galen Ray Sumrow, Criminal District Attorney, Craig Stoddart, Asst. District Atty., Rockwall, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

Appellant pleaded guilty to the first degree felony offense of aggravated sexual assault of a child. Pursuant to the terms of appellant's plea agreement with the State, the trial court sentenced appellant to 40 years confinement. In three appellate issues, appellant argues that the trial court erred in denying his pretrial motions. We affirm.

The indictment alleged that:

[Appellant], on or about the 15th day of June, 2001 . . . did then and there intentionally or knowingly cause the sexual organ of J.M., a child who was then and there younger than 14 years of age and not the spouse of [appellant], to contact and penetrate the mouth of [appellant].

The trial court set the case for pretrial hearing on February 11, 2003, and for trial on February 18, 2003. On January 22, 2003, the State filed a notice of intention to use the child's hearsay statement under TEX. CODE CRIM. PRO. ANN. art. 38.072 (Vernon Pamph. Supp.2004). The State indicated that it intended to offer the child's outcry statement through the testimony of Connie Palmer or the child's mother. Palmer worked for the Collin County Child Advocacy Center.

On the date of the trial setting, appellant filed a motion to obtain an expert witness, a motion for continuance, and a motion to suppress outcry statement. In his motion to obtain an expert witness, appellant stated that he needed to retain the services of a child psychologist or child psychiatrist. In his motion for continuance, appellant asserted that his expert would need time to review a videotaped statement that the child had given to Palmer. In his motion to suppress outcry statement, appellant asserted that Palmer was not the proper outcry witness. The trial court denied appellant's motions.

In his first two issues, appellant complains that the trial court erred in denying his motion to obtain an expert witness and his motion for continuance. We review a trial court's ruling on a motion to obtain an expert under an abuse of discretion standard. *Griffith v. State*, 983 S.W.2d 282, 287 (Tex.Cr.App.1998). An indigent defendant is entitled to the appointment of an expert when the defendant makes a preliminary showing that the issue for which he seeks expert assistance is "likely to be a significant factor" at trial. *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *Rey v. State*, 897 S.W.2d 333 (Tex.Cr.App.1995). The Court of Criminal Appeals has explained that the appointment of an expert is required when a defendant makes "a preliminary showing of a significant issue of fact on which the State would present expert testimony, and which the knowledge of a lay jury would not be expected to encompass." *Jackson v. State*, 992 S.W.2d 469, 474 (Tex.Cr.App.1999). To make this preliminary showing, a defendant must offer more "than undeveloped assertions that the requested assistance would be beneficial." *Williams v. State*, 958 S.W.2d 186, 192 (Tex.Cr.App.1997); *Rey v. State, supra*.

In his motion, appellant asserted that he "require[d] a child psychologist/psychiatrist to testify to the credibility of the video testimony as well as the actual court testimony [and] to determine whether the [child] was fantasizing, being misinterpreted, or coached." At the hearing on the motion, appellant's counsel stated that he had watched the videotape and that appellant needed a child psychologist or child psychiatrist "to determine the credibility of the videotape" and "whether the child [was] either coached or fantasizing or may have been misunderstood in the video." Appellant did not present any affidavits or evidence in support of his motion. Appellant only offered his counsel's undeveloped assertions that appellant needed an expert. Thus, appellant did not make the preliminary showing of his need to obtain an expert witness. *Williams v. State, supra* at 192; *Rey v. State, supra*. The trial court did not abuse its discretion in denying appellant's motion to obtain an expert witness or in denying appellant's related motion for continuance. Appellant's first two issues are overruled.

In his third issue, appellant argues that the trial court erred in denying his motion to suppress the minor's outcry statement to Palmer. Appellant contends that the child's mother was the proper outcry witness rather than Palmer. Article 38.072 governs the admissibility of outcry statements. It provides that certain hearsay testimony is admissible in the prosecution of offenses committed against children 12 years of age or younger. Article 38.072 applies to outcry statements that: (1) were made by the child against whom the offense was allegedly committed and (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense. To constitute outcry evidence, the child's statement must be

more than a general allusion that sexual abuse is going on; the statement must describe the offense in some discernible manner. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex.Cr.App.1990); *Castelan v. State,* 54 S.W.3d 469, 475 (Tex.App.-Corpus Christi 2001, no pet'n); *Sims v. State,* 12 S.W.3d 499, 500 (Tex.App.-Dallas 1999, pet'n ref'd). The proper outcry witness is the first adult person other than the defendant to whom the child made a statement describing the alleged offense in some discernible manner. *Broderick v. State,* 35 S.W.3d 67, 73–74 (Tex.App.-Texarkana 2000, pet'n ref'd). A trial court has broad discretion in determining the admissibility of outcry evidence, and its determination as to the proper outcry witness will not be disturbed absent a showing in the record that the trial court clearly abused its discretion. *Garcia v. State, supra.*

The State charged appellant for the offense of aggravated sexual assault of a child by intentionally or knowingly causing the child's sexual organ to penetrate appellant's mouth. Appellant contends that the child described the offense in a discernible manner to his mother before making the statement to Palmer. Appellant also contends that the child made a statement describing the offense to a medical doctor before giving the statement to Palmer. The State attached two statements from the child's mother as exhibits to the Article 38.072 notice. The child's mother stated that the child told her that "[appellant] had been performing oral sex on him for about a year." The child's mother did not state any other details about the charged offense in her statements. She stated that her son told the doctor the same thing that he told her.

The facts in this case are similar to the facts in *Sims* and *Castelan.* In *Sims,* a child told her mother that the defendant "had touched her private parts." The

child later told a counselor specific details describing the offense. The court of appeals held that the trial court did not abuse its discretion in determining that the counselor was the proper outcry witness. The court of appeals explained that:

> The trial court could have reasonably determined that the complainant's statement to her mother was nothing more than a general allusion that something in the area of sexual abuse was occurring and not a clear description of the offense charged as required by article 38.072.

*Sims v. State, supra* at 500.

In *Castelan,* the child told his grandmother that appellant had "put his thing in through the back." The child later made a statement describing the offense to a school counselor. The court of appeals affirmed the trial court's ruling that the school counselor was the proper outcry witness. The court of appeals explained that the child had not relayed specific details of the abuse to his grandmother. *Castelan v. State, supra* at 475–76.

In this case, the child's statement to his mother that "[appellant] had been performing oral sex on him" did not relay any specific details about the charged offense. Thus, the trial court could have reasonably determined that the statement "was nothing more than a general allusion that something in the area of sexual abuse was occurring and not a clear description of the offense charged as required by article 38.072." *Sims v. State, supra* at 500. The record does not demonstrate that the child told his doctor anything more than he told his mother. The trial court did not abuse its discretion in denying appellant's motion to suppress the child's outcry statement to Palmer. *Castelan v. State, supra; Sims v. State, supra.*

Appellant also contends that the trial court erred by failing to conduct a

hearing as to the reliability of the child's outcry statement to Palmer. Article 38.072, section 2(b)(2) provides as follows:

> (b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:
>
> > (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement.

The provisions of Article 38.072 are mandatory and must be complied with in order for the outcry statement to be admissible over a hearsay objection. *Long v. State,* 800 S.W.2d 545, 547 (Tex.Cr.App.1990). Thus, a timely hearsay objection at trial gives rise to the requirement that the trial court conduct an Article 38.072, section 2(b)(2) reliability hearing. *Long v. State, supra.* The trial court commits error if it overrules the hearsay objection without conducting a hearing. *Long v. State, supra; Duncan v. State,* 95 S.W.3d 669, 671 (Tex.App.-Houston [1st Dist.] 2002, pet'n ref'd). The error is subject to a harm analysis on appeal. *Duncan v. State, supra.*

■ This case is distinguishable from *Long* and *Duncan.* The issue in this case is whether the trial court was required to conduct an Article 38.072, section 2(b)(2) reliability hearing during pretrial proceedings. The language of Article 38.072, section 2(b)(2) does not require that a reliability hearing be held during pretrial proceedings. Appellant moved to suppress the child's outcry statement to Palmer on two specific grounds: (1) that Palmer was at least the third adult to whom the child had made a statement describing the offense and (2) that the statement was made in an investigative setting and was not a spontaneous declaration. Appellant argued these two grounds at the hearing on the motion. Appellant did not request the trial court to conduct a reliability hearing in his motion to suppress or at the hearing on the motion. Appellant did not raise the reliability issue in the trial court. Nothing invoked a requirement that the trial court conduct a reliability hearing.

The trial court did not err in denying appellant's motion to suppress. Appellant's third issue is overruled.

The judgment of the trial court is affirmed.