CRUTCHFIELD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-260-CR

TONYA CRUTCHFIELD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court revoked appellant Tonya Crutchfield’s community supervision.  In one issue on appeal, appellant contends the trial court erred in refusing to appoint an expert to testify in mitigation of punishment that she needed to smoke marijuana to ameliorate the effects of glaucoma.  

Appellant pled true to two allegations of marijuana use and one allegation of THC use.  Appellant also pled true to two allegations of amphetamine use, two allegations of methamphetamine use, and one allegation of cocaine use.   Appellant further pled true to ten other allegations not related to drug use, such as failure to report and failure to pay fees.  At punishment, the State introduced appellant’s true pleas as evidence, then rested.  Appellant called a friend of hers, who testified that appellant had been homeless while the case was pending but that he would give her a job and a place to live if she were released.  The trial court sentenced appellant to 365 days in jail, plus court costs and any unpaid fines.

An indigent defendant is entitled to appointment of an expert upon a preliminary showing that the issue for which she seeks expert assistance is “likely to be a significant factor” at trial.  
Ake v. Oklahoma
, 470 U.S. 68, 69 105 S. Ct. 1087, 1089 (1985); 
Rey v. State
, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995); 
Smith v. State
, 131 S.W.3d 928, 930 (Tex. App.—Eastland 2004, pet. ref’d).  “The Court of Criminal Appeals has explained that the appointment of an expert is required when a defendant makes ‘a preliminary showing of a significant issue of fact on which the State would present expert testimony, and which the knowledge of a lay jury would not be expected to encompass.’”  
Smith
, 131 S.W.3d at 930 (quoting 
Jackson v. State
, 992 S.W.2d 469, 474 (Tex. Crim. App. 1999)). 
(footnote: 2)  We review the trial court’s ruling on this issue for an abuse of discretion.  
Deason v. State
, 84 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).

In light of the numerous allegations upon which the trial court revoked appellant’s community supervision—especially her use of drugs other than marijuana for which she claims no medical necessity—we hold that the trial court did not abuse its discretion in denying appointment of an expert to testify about the medical necessity of appellant’s smoking marijuana.  Appellant makes no claim that it is medically necessary for her to use other drugs, nor did she present any mitigating evidence as to the other allegations supporting the revocation of her community supervision.  Furthermore, appellant made no “preliminary showing of a significant issue of fact on which the State would present expert testimony, and which the knowledge of a lay jury would not be expected to encompass.”  
Jackson
, 992 S.W.2d at 474.  

Accordingly, we overrule appellant’s sole issue and affirm the trial court’s judgment.  

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 9, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant contends that her entitlement to an expert arises from a reading of both 
Ake
 and 
Wiggins v. Smith
, ___ U.S. ___, 123 S. Ct. 2527 (2003).  But the issue in 
Wiggins
, an ineffective assistance of counsel case, was whether the scope of trial counsel’s inquiry into potential mitigating evidence was reasonable.  
Id. 
at ___, 123 S. Ct. at 2541.  Thus, 
Wiggins
 does not compel a different analysis in this case.