COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-260-CR
 
 
TONYA 
CRUTCHFIELD                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        The 
trial court revoked appellant Tonya Crutchfield’s community supervision. In 
one issue on appeal, appellant contends the trial court erred in refusing to 
appoint an expert to testify in mitigation of punishment that she needed to 
smoke marijuana to ameliorate the effects of glaucoma.
        Appellant 
pled true to two allegations of marijuana use and one allegation of THC 
use.  Appellant also pled true to two allegations of amphetamine use, two 
allegations of methamphetamine use, and one allegation of cocaine use.  
Appellant further pled true to ten other allegations not related to drug use, 
such as failure to report and failure to pay fees.  At punishment, the 
State introduced appellant’s true pleas as evidence, then rested.  
Appellant called a friend of hers, who testified that appellant had been 
homeless while the case was pending but that he would give her a job and a place 
to live if she were released.  The trial court sentenced appellant to 365 
days in jail, plus court costs and any unpaid fines.
        An 
indigent defendant is entitled to appointment of an expert upon a preliminary 
showing that the issue for which she seeks expert assistance is “likely to be 
a significant factor” at trial.  Ake v. Oklahoma, 470 U.S. 68, 69 
105 S. Ct. 1087, 1089 (1985); Rey v. State, 897 S.W.2d 333, 339 (Tex. 
Crim. App. 1995); Smith v. State, 131 S.W.3d 928, 930 (Tex. 
App.—Eastland 2004, pet. ref’d).  “The Court of Criminal Appeals has 
explained that the appointment of an expert is required when a defendant makes 
‘a preliminary showing of a significant issue of fact on which the State would 
present expert testimony, and which the knowledge of a lay jury would not be 
expected to encompass.’”  Smith, 131 S.W.3d at 930 (quoting Jackson 
v. State, 992 S.W.2d 469, 474 (Tex. Crim. App. 1999)).[2]  
We review the trial court’s ruling on this issue for an abuse of 
discretion.  Deason v. State, 84 S.W.3d 793, 796 (Tex. 
App.—Houston [1st Dist.] 2002, pet. ref’d).
        In 
light of the numerous allegations upon which the trial court revoked 
appellant’s community supervision—especially her use of drugs other than 
marijuana for which she claims no medical necessity—we hold that the trial 
court did not abuse its discretion in denying appointment of an expert to 
testify about the medical necessity of appellant’s smoking marijuana.  
Appellant makes no claim that it is medically necessary for her to use other 
drugs, nor did she present any mitigating evidence as to the other allegations 
supporting the revocation of her community supervision.  Furthermore, 
appellant made no “preliminary showing of a significant issue of fact on which 
the State would present expert testimony, and which the knowledge of a lay jury 
would not be expected to encompass.”  Jackson, 992 S.W.2d at 474.
        Accordingly, 
we overrule appellant’s sole issue and affirm the trial court’s judgment.
    
  
                                                                  SAM 
J. DAY
                                                                  JUSTICE
     
  
PANEL 
A:   CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant contends that her entitlement to an expert arises from a reading of 
both Ake and Wiggins v. Smith, ___ U.S. ___, 123 S. Ct. 2527 
(2003).  But the issue in Wiggins, an ineffective assistance of 
counsel case, was whether the scope of trial counsel’s inquiry into potential 
mitigating evidence was reasonable. Id. at ___, 123 S. Ct. at 2541.  
Thus, Wiggins does not compel a different analysis in this case.