Opinion filed September 11, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00093-CR

                                                    __________

 

                                  ERIC ANTHONY SMITH, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 8183D

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
trial court convicted Eric Anthony Smith, upon his plea of guilty, of delivery
of cocaine.  Appellant entered a plea of true to the enhancement allegation,
and the trial court assessed punishment pursuant to the plea bargain agreement
at confinement for fourteen years.  We affirm.








In
his sole issue on appeal, appellant contends that the trial court erred by
denying his pretrial motion for quantitative analysis.  In this motion,
appellant sought the appointment of an independent chemist to test the
substance that he sold.  At the hearing on his motion, appellant expressed his
concern with Asome
problems in the past with some of the labs in the state@ where testing was done Aat the behest of the State.@  Appellant argues on
appeal that the trial court abused its discretion in denying the motion
resulting in the violation of his due process rights.

When
an indigent defendant makes a threshold showing that expert assistance would
likely be a significant factor at trial, he is entitled to the appointment of
an expert.  Ake v. Oklahoma, 470 U.S. 68, 82- 83, 86 (1985); Griffith
v. State, 983 S.W.2d 282, 286-87 (Tex. Crim. App. 1998); Rey v.
State, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995); Smith v. State,
131 S.W.3d 928, 930 (Tex. App.CEastland
2004, pet. ref=d). 
The trial court=s
ruling is reviewed for abuse of discretion.  Griffith, 983 S.W.2d at
287; Smith, 131 S.W.3d at 930.  The purpose is to ensure that the
indigent defendant has access to a competent expert to assist in the evaluation
of his defense.  Ake, 470 U.S. at 77; Griffith, 983 S.W.2d at
286; Rey, 897 S.W.2d at 339.  The type of expert and the nature and
complexity of the field of specialty must be considered in deciding if an
expert will be helpful or a significant factor at trial.  Griffith, 983
S.W.2d at 287; Rey, 897 S.W.2d at 338.  This does not mean that a
defendant is entitled to an expert of his Apersonal
liking@ or that he has
the right to choose which expert is appointed.  Griffith, 983 S.W.2d at
286.

The
State argues that appellant failed to make a threshold showing at the hearing. 
We agree.  Appellant=s
request for an expert was based on his assertion that Asome@
labs had had Asome@ problems Ain the past.@  The trial court noted in
its ruling that there was no showing of a Aparticularized
need or any special reason@
for independent scientific testing of the substance or that the result of the
scientific test would change based on who performed the test.  Appellant did
not establish that an independent expert would be a significant factor at
trial.  The trial court did not abuse its discretion.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

September 11,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.