

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00217-CR

JOHN SPENCER,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

**From the 40th District Court
Ellis County, Texas
Trial Court No. 31754CR**

## MEMORANDUM  OPINION

John Robert Spencer was indicted for capital murder.  The State did not seek the death penalty.  A jury convicted Spencer of the lesser-included offense of burglary by entering a habitation and committing murder or manslaughter and sentenced him to life in prison.  In three issues, Spencer challenges the denial of his motion for appointment of a mitigation expert.  We affirm.

Spencer's three issues challenge whether the trial court's denial of his motion for appointment of a mitigation expert, and subsequent refusal to revisit its ruling once the jury found him guilty of a lesser offense, violated his right to effective assistance of counsel provided by the Sixth Amendment of the United States Constitution and article I, section 10 of the Texas Constitution.

An indigent defendant has a right to a court appointed expert under certain circumstances. *See Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985). The defendant must make a preliminary showing that the expert assistance is necessary to address a significant issue at trial. *Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996). In doing so, he must offer more than "undeveloped assertions that the requested assistance would be beneficial." *Id*. We review the trial court's ruling on Spencer's motion for abuse of discretion. *See Deason v. State*, 84 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Spencer sought appointment of an expert to investigate and explain his psychological and social history. He planned to present this testimony as mitigating evidence at punishment. The trial court denied the motion and wrote on the face of its order: "Punishment fixed by law. State has waived death penalty. No showing state has retained penalty expert. Testimony sought is irrelevant and not admissible." On appeal, Spencer argues that an expert could have explained the "dynamics of a 'love triangle'"[1] and its impact on him, his state of mind at the time of the offense; and his ability to be a good probationer. He contends that the trial court's ruling prevented

---

[1] Spencer was convicted of killing Randy Glasser, who was dating Spencer's girlfriend Wendy.

defense counsel from gathering and presenting mitigating evidence that may have encouraged the jury to give him a lighter sentence.

Spencer's motion, however, was insufficient to establish his need for an expert. In cases holding that a sufficiency showing was not made under *Ake*, the defendant typically has failed to support his motion with (1) affidavits or other evidence in support of his defensive theory, (2) an explanation as to what his defensive theory was and why expert assistance would be helpful in establishing that theory, or (3) a showing that there was reason to question the State's expert and proof. *Rey v. State*, 897 S.W.2d 333, 341 (Tex. Crim. App. 1995). Spencer's motion falls within the first category. *See id.*; *see also Williams v. State*, 958 S.W.2d 186, 193-94 (Tex. Crim. App. 1997) ("We have indicated that a defendant needs to offer affidavits or 'evidence' in making this showing."). He attached no expert affidavit or other evidence to support his motion, offering nothing more than counsel's undeveloped assertions.[2] *See Williams*, 958 S.W.2d at 194-95 (Motion seeking appointment of expert to evaluate Williams's history of drug abuse and abuse as a child on grounds that "these factors could excuse [his] conduct or be a factor in mitigation of punishment" was supported by expert affidavit); *see also Smith v. State*, 131 S.W.3d 928, 930 (Tex. App.—Eastland 2004, pet. ref'd) ("Appellant did not present any affidavits or evidence in support of his motion;" he "only offered his counsel's undeveloped assertions that appellant needed an expert."). He failed to

---

[2]     Spencer does not argue that counsel was ineffective for failing to attach evidence to the motion.

make a sufficient showing under *Ake*. *See Rey*, 897 S.W.2d at 341; *see also Smith*, 131 S.W.3d at 930. The trial court was not required to revisit its ruling.[3]

Accordingly, we cannot say that the trial court abused its discretion by denying Spencer's motion for a mitigation expert or by failing to revisit its ruling on the motion. We overrule Spencer's three issues and affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed July 29, 2009
Do not publish
[CRPM]

*      (Chief Justice Gray does not join the opinion of the Court but concurs in the judgment to the extent that it affirms the trial court's judgment. A separate opinion will not issue.)

---

[3] We also note that the record does not indicate that the trial court was asked at trial to revisit its ruling or was alerted to this issue in Spencer's motion for new trial.