

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00320-CR

**HUGH LEON PIERCE,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 33729CR

## MEMORANDUM  OPINION

Hugh Leon Pierce was convicted of the offense of Continuous Sexual Abuse of a Young Child and sentenced to 40 years in prison.  *See* TEX. PENAL CODE ANN. § 21.02 (Vernon Supp. 2009).  Because the trial court did not abuse its discretion in allowing outcry testimony from a forensic interviewer, the evidence was factually sufficient, Pierce's legal sufficiency argument was not adequately briefed, and Pierce's constitutional argument was not preserved, we affirm.

BACKGROUND

Pierce was living with the mother of C.N., the child victim. Pierce had previously been married to C.N.'s aunt, her mother's sister. Continuously, for at least a year, Pierce had been sexually abusing C.N. by inserting his tongue in C.N.'s vagina. C.N. was 10 years old at the time. In June of 2008, C.N. went to visit her cousin some distance away. One morning, at 2 a.m., C.N. called her mother and told her generally that Pierce had been abusing her. She did not want her mother to call the police. Her mother made C.N. wake up her cousin so that the cousin could help determine what had happened. As a result of that phone call, Pierce was made to move into the garage apartment. When C.N. came home in July, Pierce was not allowed to have any contact with her.

In December of 2008, Child Protective Services received a report about C.N. being abused. C.N. was interviewed by a forensic interviewer, and told the interviewer that Pierce had been inserting his tongue into C.N.'s vagina two to three times a week for the year prior to June. Pierce was arrested. Because Pierce's sister threatened C.N., C.N. and her mother moved to Arkansas.

At the trial, C.N., her mother, her cousin, and the forensic interviewer testified about the offense. Pierce's sister testified and said C.N. was a lying and vindictive child. Pierce's son testified that C.N. sometimes lied but that the lies were typical pre-teen type lies.

## OUTCRY WITNESS

Pierce argues that the trial court erred in failing to sustain his objection to the testimony of the forensic interviewer, Katherine Jones, as an outcry witness when Jones, the argument continues, was not the first person to whom C.N. made an outcry. Pierce contends that C.N. initially made outcries to her mother and her cousin.

Article 38.072 of the Code of Criminal Procedure permits outcry statements by victims of child abuse to be admitted during trial, despite the hearsay rule, if the statement was made by the child against whom the offense was allegedly committed and the statement was made to the first adult to whom the child made the statement about the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 1 (1), § 2 (1) & (2) (Vernon Supp. 2009). To qualify as a proper outcry statement, the child must have described the alleged offense in some discernible way and must have more than generally insinuated that sexual abuse occurred. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). A trial court has broad discretion in determining the admissibility of outcry evidence, and its determination as to the proper outcry witness will not be disturbed absent a showing in the record that the trial court clearly abused its discretion. *See id.* at 92; *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd).

Pierce wants us to make our decision based on the notices sent by the State to his attorney regarding the outcry testimony. Because those notices are not a part of this record but are only attached to Pierce's brief, we will not consider them. *See Sabine*

*Offshore Serv. v. Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 292-293 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

The trial court initially sustained Pierce's objection to Jones' testimony, but then reconsidered its ruling and held a hearing to determine which witness would be the outcry witness. N.C.'s mother, we will call her Mary, testified that N.C. called her at 2 a.m. crying and said that Pierce had been molesting her. Mary stated that she could not understand what N.C. was saying because N.C. was crying. All Mary understood were the words "kiss" and "lick" and Mary assumed that Pierce was making N.C. perform oral sex on him. Mary could not get any more details from N.C. Mary told N.C. to calm down and to go wake up her cousin; we will call her Cheryl. Cheryl was married to Pierce's son. Cheryl and Mary spoke on the telephone, and afterwards, N.C. told Cheryl that Pierce would wrestle around with her while she was watching T.V. after school and would touch her on her vagina. After listening to the testimony and reviewing case authority, the trial court overruled Pierce's objection, and Jones was allowed to testify.

Pierce relies primarily on cases from Texarkana to say that either Mary or Cheryl was a proper outcry witness. The facts of those cases are distinguishable. *See Brown v. State*, 189 S.W.3d 382 (Tex. App.—Texarkana 2006, pet. ref'd) (statement by victim to father that defendant had been making victim have oral sex with him by putting his penis in her mouth was specific enough to qualify as an outcry statement); *Broderick v. State*, 35 S.W.3d 67 (Tex. App.—Texarkana 2000, pet. ref'd) (where child made statement to mother alleging one offense and made a statement to police alleging a different

offense, both witnesses were proper outcry witnesses).  *See also Nino v. State*, 223 S.W.3d 749 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (mother was proper outcry witness because victim told her first that defendant had made him suck defendant's penis).

In this case, Pierce was charged with penetrating the sex organ of N.C. by his tongue.  The statements by N.C. to either her mother or her cousin are not the detailed type of statements made in the cases relied upon by Pierce because N.C.'s statements do not describe the alleged offense in some discernable way.  Accordingly, the trial court did not abuse its discretion in failing to sustain his objection to the testimony of Katherine Jones as an outcry witness.  Pierce's first issue is overruled.

## CONSTITUTIONALITY

In his second issue, Pierce complains that the statute pursuant to which he was convicted, Texas Penal Code Section 21.02, is unconstitutional because it allows a verdict that is not unanimous.  However, this complaint was not presented to the trial court.  The Court of Criminal Appeals has recently held that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).  Accordingly, Pierce's second issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his third and fourth issues, Pierce contends the evidence was both legally and factually insufficient to support the verdict.

*Legal sufficiency*

When reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Furthermore, we must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a legal sufficiency review. *Clayton*, 235 S.W.3d at 778; *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004).

After roughly a page and a half in which the standard of review is discussed, Pierce included two paragraphs containing a total of three sentences as follows:

> The elements of the offense of Continuous Sexual Abuse of Young Child or Children are found in Texas Penal Code Section 21.02, set out above.
> A rational juror could not find beyond a reasonable doubt that Appellant was guilty of the offense charged. There is not sufficient evidence to sustain this conviction.

Thus, the only argument Pierce makes as to why the evidence is legally insufficient is "A rational juror could not find beyond a reasonable doubt that Appellant was guilty of the offense charged." This is insufficient. In order to properly present an issue to this Court, the brief must contain a clear and concise argument for the contentions made. *See* TEX. R. APP. P. 38.1(i). At the very least, it must direct the Court to an element or elements of the offense that is being challenged. *See Gallegos v. State*, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref'd); *Turner v. State*, 4 S.W.3d 74, 80-81 (Tex. App.—

Waco 1999, no pet.). Further, the brief should discuss why the State's effort to prove that element is inadequate under the applicable case authority cited and the standard of review. Therefore, this issue is inadequately briefed, and presents nothing for review. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) ("It is incumbent upon appellant to… provide legal arguments based upon…" the authority cited.). Issue four is overruled.

### *Factual sufficiency*

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414-15, 417. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

Pierce's only argument that the evidence is factually insufficient is that there was no physical or medical evidence corroborating N.C.'s testimony. At trial, N.C. stated that three days a week, Pierce would take off her pants and "put his tongue inside [her] private parts," meaning her vagina. Pierce would come into N.C.'s room and begin tickling her. Then Pierce would unbutton or unzip her pants or take off her shorts or

whatever she was wearing. N.C. said she would be on her bed when this would happen. She also said that Pierce's tongue would go inside her vagina. If N.C. ever tried to push Pierce away or get up, Pierce would pinch or bite her or do something that would hurt. Pierce scared N.C. because he told her stories about how he had hurt or killed people. No conflicting evidence was presented.

N.C.'s testimony needed no corroboration. The testimony alone of a complainant under the age of 17 is sufficient to support a conviction for a sexual offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005). Further, the absence of physical evidence does not render the evidence factually insufficient. *Glockzin v. State*, 220 S.W.3d 140, 148 (Tex. App.—Waco 2007, pet. ref'd); *see also Murphy v. State*, 4 S.W.3d 926, 930 (Tex. App.—Waco 1999, pet. ref'd). The lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence. *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. 2006).

Accordingly, after reviewing the record, we find the evidence supporting the conviction is not so weak that the fact-finder's determination is clearly wrong and manifestly unjust. Pierce's third issue is overruled.

**CONCLUSION**

Having overruled each of Pierce's issues presented, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed July 7, 2010
Do not publish
[CRPM]