NO. 07-10-00246-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 15, 2011

_____

DONALD RAY MASON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,442-D; HONORABLE DON R. EMERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Donald Ray Mason, was convicted of continuous sexual abuse of a child under 14 years of age.[1] Appellant was sentenced to a term of confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 65 years. Appellant has perfected his appeal, in which he contends that the trial court committed reversible error in allowing the forensic examiner to testify about the details of the assaults. Appellant also appeals the judgment assessing court appointed attorney's fees against him. We affirm the judgment as modified.

_____

[1] See TEX. PENAL CODE ANN. § 21.02(b) (West 2011).

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence regarding the sexual assaults: therefore, only so much of the facts will be recited as are necessary for this opinion. The events that are the basis of the prosecution occurred in the home the complaining witness, K.O., shared with her aunt. Appellant is a former boyfriend of the aunt and, during the period in question, was living in the home of the aunt as a guest.

K.O. had a history of some emotional difficulties that led to her being placed in a self-contained classroom in Sam Houston Middle School. K.O.'s teacher, Susanne Mills testified that prior to the events of September 17, 2009, the day of the note to Mills, K.O. had become increasingly withdrawn and, on that day, was very tearful. While Mills was visiting with K.O. attempting to find out what problems K.O. was having, K.O. handed Mills a note in K.O.'s handwriting that said, "Uncle Don made me have sex with him quite a few times. I hope I died [sic] a long and painful death. Everybody hates me."[2] Mills did not discuss the note further; rather, she contacted the police liaison officer for the school. After the police were called, K.O. was taken to the Bridge[3] where Shelly Bohannon conducted a detailed forensic interview of K.O. Subsequently, K.O. was examined by Ginny Young, R.N., who is a Sexual Assault Nurse Examiner and conducted a SANE exam of K.O.

---

[2] "Uncle Don" was the name by which K.O. knew appellant.

[3] The "Bridge" is located at the Children's Advocacy Center where forensic interviews and SANE, sexual assault nurse examiner, exams are conducted.

Prior to trial, the State filed two notices pursuant to article 38.072 section 2(b)(1)(c) of the Texas Code of Criminal Procedure advising appellant of intent to use the outcry statements made by K.O. to Susanne Mills and Shelly Bohannon.[4] At trial, the testimony of Mills occurred first, and she was allowed to testify about receiving the note from K.O. on September 17, 2009. Following Mills's testimony, Young testified about her SANE examination of K.O., which included a medical history examination, during which K.O. detailed the events of the numerous sexual assaults committed by appellant. K.O. also testified at length about the specifics of the sexual assaults committed by appellant. It was after this evidence had been received that Bohannon testified about her forensic interview with K.O. and the specifics of the sexual assaults provided in that interview. Appellant objected to the testimony of Bohannon on the grounds that Bohannon was not the first person 18 years or older to whom K.O. had made an outcry. The trial court overruled appellant's objection.

The jury convicted appellant of the offense charged and assessed his punishment at 65 years confinement in the ID-TDCJ. This appeal followed.

## Outcry Evidence

Although appellant couches his issue in terms of the question "Was the forensic examiner the first adult person to whom the complainant made a statement about the alleged offense?," the issue is whether the trial court erred in overruling the objection to the admission of the forensic examiner's testimony regarding her interview of K.O.

---

[4] Further reference to the Texas Code of Criminal Procedure will be by reference to "article," "art.," or "Article."

3

<u>Standard of review</u>

We review a trial court's decision to admit evidence under an abuse of discretion standard. <u>See</u> <u>Billodeau v. State</u>, 277 S.W.3d 34, 39 (Tex.Crim.App. 2009). A trial court abuses its discretion when its ruling is outside the zone of reasonable disagreement. <u>See</u> <u>Weatherred v. State</u>, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).

<u>Analysis</u>

Appellant's complaint centers upon the fact that Bohannon was not the "first person" to whom K.O. made an outcry. Under appellant's analysis, the showing of the note to Mills qualifies Mills as the outcry witness. <u>See</u> Article 38.072 § 2(b)(1)(c) (West 2011). To appellant, it is simply a matter of looking to the first person to whom K.O. made any statement in order to determine who will be considered the outcry witness.

However, such an approach ignores case law that says a proper outcry witness is the first person 18 years of age or older to whom the complainant makes a statement about the offense, and the statement must be more than a general allusion to the fact that sexual abuse is going on. <u>See</u> <u>Smith v. State</u>, 131 S.W.3d 928, 930-31 (Tex.App.—Eastland 2004, pet. ref'd). In fact, the proper outcry witness receives a statement from the complainant that describes the offense in some discernible manner. <u>Id</u>. at 931 (citing <u>Garcia v. State</u>, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990)). Under the weight of the authority in Texas regarding outcry witnesses, we cannot say that the trial court's decision was outside the zone of reasonable disagreement. <u>See</u> <u>Weatherred</u>, 15 S.W.3d at 542. Accordingly, the trial court could not have abused its discretion in allowing the testimony of Bohannon. <u>See</u> <u>Billodeau</u>, 277 S.W.3d at 39.

We note that even if we assume, *arguendo*, Bohannon's testimony was not proper outcry testimony, the admission of that evidence would have been harmless. The record reflects that the SANE nurse gave the same testimony when she testified about the medical history she had taken from K.O. Likewise, K.O. testified to the same facts. With this evidence reflected in the record two other times, we have a fair assurance that the assumed error did not influence the jury, or had but a slight effect. See TEX. R. APP. P. 44.2(b); <u>Taylor v. State</u>, 268 S.W.3d 571, 592 (Tex.Crim.App. 2008).

We have found that the trial court's decision to admit the testimony of Bohannon was not an abuse of discretion, and, if it were error, that the error is harmless. Accordingly, appellant's first issue is overruled.

## Attorney's Fees

Appellant's second issue contends that the evidence to support the order for appellant to pay his court-appointed attorney's fees was insufficient and, therefore, the judgment is in error. The State has conceded this point in its brief. Accordingly, we order the judgment of the trial court to be reformed to delete the $3,000 in attorney's fees ordered to be paid as cost of court. This order for reformation of the judgment extends to the trial court's order to withdraw funds from appellant's inmate account. The sum of $3,000 shall be deleted from that order and an amended order entered.

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court as reformed.


Mackey K. Hancock
                        Justice


Do not publish.