Opinion filed April 4, 2019



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00105-CR, 11-17-00106-CR, 11-17-00107-CR, & 11-17-00108-CR

_____

## JAMES FRANKLIN BOYLE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause Nos. 15782, 15783, 15795, & 15882**

## M E M O R A N D U M   O P I N I O N

Appellant, James Franklin Boyle, appeals his conviction and sentence after a jury trial on four consolidated causes. Appellant was separately indicted for committing offenses against four different individuals. Specifically, he was charged with indecency with a child by contact, tampering with a witness, and two separate offenses of aggravated sexual assault of a child. The jury found Appellant guilty in all four causes. The jury assessed Appellant's punishment at confinement as

follows: twenty years for indecency with a child by contact; fifty years for tampering with a witness; and ninety-nine years for each offense of aggravated sexual assault of a child. The jury also assessed a fine of $5,000 in each cause. The trial court sentenced him accordingly. This appeal primarily concerns the evidence admitted to prosecute Appellant for the offense of indecency with a child by contact. In his sole issue, Appellant challenges the trial court's decision to designate Paige Orona as the outcry witness related to that offense and permit her to testify about the child-victim's hearsay statements. As set out below, Appellant contends that this alleged error was so pervasive that it affected all four convictions. We affirm the trial court's judgments.

*Background Facts*

Appellant does not contest the sufficiency of the evidence to support his convictions. Thus, we only address the facts relevant to the trial court's designation of Orona as the outcry witness related to the offense of indecency with a child by contact.

The State charged Appellant by indictment with the offense of indecency with a child by contact. In particular, the indictment alleged that Appellant, "with the intent to arouse or gratify" his sexual desire, "intentionally or knowingly engage[d] in sexual contact with M.P. by touching the genitals of M.P., a child younger than 17 years [of age] and not the spouse of the defendant."

Before trial, the State timely sent written notice to Appellant of its intent to present hearsay statements of M.P., through Orona, pursuant to Article 38.072 of the Texas Code of Criminal Procedure. The notice also contained a written summary of the statement. Appellant's trial counsel agreed during trial that he received the notice, and the trial court ruled that the State sent the notice in compliance with Article 38.072.

2

At trial, the State first called C.L., M.P.'s mother, to testify. C.L. testified that a friend of hers recommended Appellant for daycare services in 2015. The friend told C.L. that the friend's two boys loved going to play at Appellant's house. The friend also informed C.L. that Appellant was "approved by CPS" and was an "Army man." Based on this recommendation, C.L. took her two sons, M.P. and J.P., to visit Appellant. M.P. and J.P. were seven and ten years old, respectively, at the time of the trial. C.L. stated that Appellant did not charge her for his services. She explained that her sons stayed at Appellant's house several times in July 2015, and sometimes even stayed overnight at Appellant's house.

C.L. then testified that, at the end of July, she and her husband had to leave town for a few days. During this time, M.P. and J.P. stayed at Appellant's house for three days. C.L. and her husband returned on July 25, 2015. According to C.L., Appellant dropped off M.P. and J.P. once C.L. and her husband returned. Orona, a family friend who lived across the street, heard M.P.'s parents come home and went over to visit. C.L. testified that she noticed that M.P. was upset after he arrived. When she asked M.P. what was wrong, he responded: "Nothing," but started to cry. C.L. testified that M.P. then spoke with Orona in another room. After this conversation, C.L. learned of M.P.'s outcry. C.L. then immediately notified the police.

M.P. also testified at trial. M.P. testified that, when he was "6 or 5," he sometimes stayed at Appellant's house.[1] According to M.P., he would play outside and play video games with J.P. and the other boys at Appellant's house. M.P. then described what Appellant would sometimes do to him that M.P. did not like. Specifically, M.P. said that Appellant would put Appellant's mouth and hands on M.P.'s "bad spot." First, M.P. testified that "[Appellant] put his mouth on my bad

---

[1]The record reflects that M.P. was five years old at the time of the sexual abuse.

spot." M.P. clarified that, by "bad spot," he meant "[t]he front," where he goes to "pee." M.P. further explained that, when Appellant would put Appellant's mouth on M.P.'s bad spot, Appellant would go "up and down," which made M.P. "[m]ad." Additionally, M.P. stated that Appellant would touch M.P.'s bad spot with Appellant's hands. In doing so, M.P. explained that Appellant would "move" Appellant's hand on M.P.'s "front bad spot." M.P. testified that Appellant either put Appellant's mouth on M.P.'s bad spot or touched M.P.'s bad spot with Appellant's hand about "[f]our or five times." According to M.P., this would always happen in Appellant's bedroom in Appellant's house without anyone else in the room. M.P. said that the last time this happened was when his parents were on a trip.

After M.P. testified, the trial court conducted a hearing outside the presence of the jury in accordance with Article 38.072 of the Texas Code of Criminal Procedure to determine whether Orona was authorized to testify about M.P.'s outcry statement. At the hearing, Orona testified that she was in M.P.'s home on July 25, 2015. According to Orona, she and C.L. noticed that M.P. was "upset." Orona asked M.P. what was wrong, but M.P. "shook his head no, like he didn't want to talk." Orona then asked M.P. whether he would talk to her in another room alone, and M.P. said he would be more comfortable talking there. Once in the other room, Orona again asked what was wrong. Orona testified that M.P. said: "I don't ever want to go back to James Boyle's house." When Orona asked why not, M.P. responded: "Because he did bad things to me." Orona then asked M.P. what he meant by "bad things." Orona testified that M.P. said: "James Boyle touched my private parts and made me touch his private parts." Orona testified that she understood this to mean that "[Appellant] had touched [M.P.'s] penis and made [M.P.] touch [Appellant's] penis." When Orona asked M.P. if anything else happened, M.P. said: "I don't want to talk about it anymore." Orona did not ask M.P. any more questions and subsequently informed M.P.'s parents about M.P.'s outcry.

Appellant's trial counsel objected to Orona as the outcry witness. Specifically, he argued: "I don't think [the outcry statement] complies with the hearsay exception [under Article 38.072] because I think that it's too general an allegation of sexual abuse. It's not specific enough." Appellant's trial counsel made no other objection related to the outcry. The trial court ultimately overruled the objection and determined that the State satisfied all of the requirements of Article 38.072. Accordingly, the trial court designated Orona as the outcry witness and permitted her to testify about M.P.'s outcry statement. Afterwards, the jury was brought back into the courtroom, and Orona testified to substantially the same facts before the jury.

*Analysis*

In Appellant's sole issue, he contends that the trial court erred when it permitted the State to present evidence of hearsay statements made by M.P. through Orona because the State failed to lay "the proper predicate" to admit Orona's testimony under Article 38.072 of the Texas Code of Criminal Procedure. Specifically, Appellant asserts that M.P.'s statement to Orona was "not specific enough" to describe the alleged offense, as the statute requires.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). A trial court has broad discretion to determine the admissibility of outcry evidence, and we will not disturb its determination as to the proper outcry witness absent a showing in the record that the trial court clearly abused its discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Article 38.072 of the Texas Code of Criminal Procedure governs the admissibility of outcry-witness testimony. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2018). The statute creates an "outcry exception" to the hearsay rule in prosecutions for sex-related offenses committed against a child younger than fourteen years of age. *See id.* § 1. Article 38.072 provides that outcry testimony from the first person, eighteen years of age or older, other than the defendant, to whom the child makes a statement describing the alleged offense will not be inadmissible because of hearsay, subject to certain procedural requirements. *See id.* § 2(a)–(b).

The outcry exception applies "only to statements that . . . describe . . . the alleged offense." *Id.* § 2(a)(1)(A); *Vasquez v. State*, No. 11-04-00156-CR, 2006 WL 20785, at *1 (Tex. App.—Eastland 2006, no pet.) (not designated for publication). The statement "must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91; *see Michell v. State*, 381 S.W.3d 554, 558 (Tex. App.—Eastland 2012, no pet.). To be admissible, the statement must describe the offense in some discernible manner. *Garcia*, 792 S.W.2d at 91; *Michell*, 381 S.W.3d at 558.

Also, for the outcry exception to apply, Article 38.072 requires that (1) on or before the fourteenth day before proceedings begin, the party intending to offer the statement (a) notifies the adverse party of its intent to offer the outcry statement, (b) provides the name of the outcry witness through whom it intends to offer the statement, and (c) provides a written summary of the statement; (2) the trial court holds a hearing outside the presence of the jury to determine whether the statement is reliable; and (3) the child testifies or is available to testify at the proceeding. *See* Article 38.072, § 2(b).

Here, Appellant was charged with indecency with a child by contact. Section 1.11 of the Texas Penal Code provides that a person commits this offense if

he "engages in sexual contact with [a] child" younger than seventeen years of age or "causes the child to engage in sexual contact." TEX. PENAL CODE ANN. § 21.11(a) (West Supp. 2018). Under this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c). Appellant contends that M.P.'s statement to Orona, that "[Appellant] touched my private parts and made me touch his private parts," was too general a statement to describe the alleged offense. According to Appellant, this statement did not meet "the requirement of specificity" and was a clear example of a "general allusion" that abuse occurred. Appellant also contends that Orona was not the proper outcry witness and, thus, that her testimony improperly "bolstered M.P.'s testimony and . . . the testimony of the other children" in the other causes against Appellant. As a result, Appellant asserts that this court should reverse the judgment of conviction and sentence in all four causes and render a judgment of acquittal. We disagree.

Under the circumstances in this case, we do not believe that the trial court abused its discretion when it designated Orona as the outcry witness. However, even if the trial court erred when it permitted Orona to testify about M.P.'s outcry statement, we conclude that this error was harmless.

The erroneous admission of evidence constitutes nonconstitutional error. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). We must disregard a nonconstitutional error if it does not affect substantial rights. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Schmutz v. State*, 440

7

S.W.3d 29, 39 (Tex. Crim. App. 2014). "[S]ubstantial rights are not affected by the erroneous admission of evidence 'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)).

Moreover, it is well established that the erroneous admission of evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *See Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error in the admission of evidence was harmless in light of "very similar" evidence admitted without objection). In other words, error in the admission of evidence may be rendered harmless when substantially the same evidence is admitted elsewhere without objection. *See Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *Pinson v. State*, No. 11-17-00003-CR, 2018 WL 6722294, at *12 (Tex. App.—Eastland Dec. 12, 2018, pet. filed) (mem. op., not designated for publication).

We conclude, after examining the record as whole, that the trial court's decision to admit Orona's testimony under Article 38.072 did not have a substantial and injurious effect on the jury's verdict. Here, although the State introduced M.P.'s hearsay statement through Orona, the same or similar evidence was introduced through other testimony without objection. Specifically, M.P. testified that Appellant touched M.P.'s "bad spot" with Appellant's mouth and hands on several occasions. M.P. explained that, by "bad spot," he meant the "front" where he goes to "pee," referring to his penis. Thus, we conclude that any possible error resulting from Orona's testimony was harmless. *See Broderick v. State*, 35 S.W.3d 67, 74–75 (Tex. App.—Texarkana 2000, pet. ref'd) (holding trial court's error in admitting

officer's testimony as outcry witness was harmless because the same evidence was introduced through the child-victim's testimony without objection).

Additionally, we note that "bolstering" occurs when the proponent offers evidence for the "sole purpose" of enhancing the credibility of a witness or source of evidence when the credibility of that witness or source has not been attacked. *Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993)). Bolstering does not occur, however, when evidence or a source of evidence "corroborates" other evidence and is also relevant. *Cohn*, 849 S.W.2d at 819–20. "[E]vidence that corroborates another witness'[s] story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally *further* tendency to establish a fact of consequence, should not be considered 'bolstering.'" *Id.* at 820.

Here, the record does not reflect that the State introduced Orona's testimony solely to add credence to M.P.'s testimony or the testimony of the other children. Rather, Orona's testimony simply corroborated and contributed substantively to the facts of consequence regarding Appellant's offense of indecency with a child. Specifically, Orona's testimony established when M.P. made his outcry of sexual abuse, to whom M.P. made the statement, and what the statement consisted of. *See Dukes v. State*, No. 01-98-01304-CR, 2000 WL 861408, at *1 (Tex. App.—Houston [1st. Dist.] June 29, 2000, no pet.) (not designated for publication) (holding that outcry witness's testimony appropriately corroborated rather than impermissibly bolstered the child-victim's testimony).

Appellant additionally contends that the trial court's error was not harmless because Appellant did not have notice "as to who the proper outcry witness was or could have been" under Article 38.072. The purpose of Article 38.072's notice requirement is to prevent a defendant from being surprised at trial by testimony about the victim's outcry statements. *Gabriel v. State*, 973 S.W.2d 715, 719 (Tex. App.—

9

Waco 1998, no pet.). In asserting harm under the notice requirement, Appellant is not asserting that another outcry witness offered testimony at trial that was a surprise to him because of a lack of notice. Instead, Appellant is asserting that some other person must have been the actual outcry witness and that the State should have given notice of this other person under the statute even though this other person did not testify at trial as an outcry witness. We disagree that the failure to give notice under the statute of some other person as an outcry witness that does not testify at trial constitutes harm under Article 38.072's notice requirement because there is no surprise at trial emanating from this person's testimony as an outcry witness. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgments of the trial court.


KEITH STRETCHER

JUSTICE


April 4, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.