PD-0461-15

TO:THE 11th COURT OF APPEALS

6/17/2015

RE: PETITION FOR DISCRETIONARY REVIEW

IN CAUSE NO.11-13-00296-CR

EVANS V TEXAS

RECEIVED
IN COURT OF APPEALS
ELEVENTH DISTRICT

JUN 2 3 2015

SHERRY WILLIAMSON, CLERK

DEAR COURT CLERK,

PLEASE FIND ENCLOSED ONE PETITION FOR DISCRETIONARY REVIEW
IN THE ABOVE STYLED AND NUMBERED CAUSE. PLEASE BRING TO THE ATTENTION
OF THE COURT.

THANK YOU KINDLY FOR ANY AND ALL ASSISTANCE IN THIS MATTER.

SINCERLY,

*Archer Evans*

ARCHER LEE EVANS    # 1898480

2101 FM 369 Nth ALLRED UNIT

IOWA PARK, TEXAS

76367-6568

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 26, 2015

ABEL ACOSTA, CLERK

FILED IN
COURT OF CRIMINAL APPEALS

June 26, 2015

ABEL ACOSTA, CLERK

*Copy To Taylor Co D.A.*

IN THE

**ELEVENTH COURT OF APPEALS**

---

No. 11-13-00296-CR

---

**ARCHER LEE EVANS, Appellant**

v.

**THE STATE OF TEXAS, Appellee**

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM TRIAL COURT CAUSE No. 10795-D

---

COMES NOW, ARCHER LEE EVANS, APPELLANT, IN THE ABOVE STYLED AND NUMBERED CAUSE AND WOULD SHOW THE COURT THE FOLLOWING:

## ISSUES PRESENTED

### ISSUE NUMBER ONE

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY DENYING APPELLANT'S REQUEST TO CALL K.R. AS A WITNESS FOR THE PURPOSE OF IMPEACHING THE COMPLAINING WITNESS'S TESTIMONY ?

### ISSUE NUMBER TWO

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT AS TO COUNTS ONE AND TWO OF THE INDICTMENT ?

### ISSUE NUMBER THREE

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY DENYING APPELLANT'S REQUEST FOR A RECESS OF AND LATER TO REOPEN THE SENTENCING HEARING BASED ON THE LATE ARRIVAL OF A DEFENSE WITNESS ?

I

### ISSUE NUMBER FOUR

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR BY DENYING APPELLANT'S
OBJECTION TO THE USE OF INVOLUNTARY STATEMENTS TAKEN BY LAW
ENFORCEMENT OFFICERS ?

### ISSUE NUMBER FIVE

DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN PERMITTING THE HIGH
SCHOOL COUNSELOR TO TESTIFY REGARDING HEARSAY STATEMENTS BY THE

COMPLAINING WITNESS OVER DEFENSE OBJECTIONS ?

## SUMMARY OF THE ARGUMENTS

### ISSUE NUMBER ONE

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S
REQUEST TO CALL K.R. AS A WITNESS FOR THE PURPOSE OF IMPEACHING
THE COMPLAINING WITNESS'S TESTIMONY.  THE PROFFERED TESTIMONY WAS
DIRECTLY RELEVANT TO IMPEACHMENT OF SPECIFIC STATEMENTS MADE BY
K.L. AND ALSO GENERALLY AS TO GENERAL CEDIBILITY AND MOTIVE TO BE
UNTRUTHFUL AND TO REFUTE THE STATE'S THEORY THAT K.L.'S SEXUAL
KNOWLEDGE WAS THE RESULT OF ABUSE BY APPELLANT.

### ISSUE NUMBER TWO

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S
MOTION FOR DIRECTED VERDICT AS TO COUNTS I AND II OF THE INDIC-
TMENT. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT
APPELLANT ON EITHER COUNT , AND DEBNIAL OF THE REQUEST FOR DIRECTED
VERDICT DENIED APPELLANT A PROPER ACQUITTALON COUNT I (AS OPPOSED
TO DISMISSAL FOLLOWING A MISTRIAL) AND LED TO APPELLANT RECIEVING
A SENTENCE FOR SIXTY-FIVE YEARS ON COUNT II, SIGNIFICANTLY HIGHER
THAN HIS POSSIBLE RANGE ON COUNT V, THE ONLY OTHER COUNT OF WHICH
HE WAS FOUND GUILTY.

II



### ISSUE NUMBER THREE

THE TRIAL COURT COMMITED REVERSIBLE ERROR BY DENYING APPELLANT'S REQUEST FOR A RECESS AND LATER TO REOPEN THE SENTENCING HEARING BASED ON THE LATE ARRIVAL OF A DEFENSE WITNESS. SAID WITNESSES TESTIMONY WAS SIGNIFICANT AND MATERIAL TO THE QUESTION OF PUNISH-MENT THAT WAS BEFORE THE COURT.

### ISSUE NUMBER FOUR

THE TRIAL COURT COMMITED REVERSIBLE ERROR BY FINDING STATEMENTS TAKEN BY LAW ENFORCEMENT FROM APPELLANT TO BE VOLUNTARY AND ADMIT-TING THEM OVER DEFENSE OBJECTIONS. THE CIRCUMSTANCES UNDER WHICH THE INTERVIEW WAS TAKEN, INCLUDING DRAGGING APPELLANT BACK AND FORTH BETWEEN THE LEC AND HIS HOME AND HOLDING HIS DAUGHTER HOSTAGE WERE SUCH AS TO OVERBEAR HIS FREE WILL AND MAKE THE INTERVIEW TO BE INVOLUNTARY.

### ISSUE NUMBER FIVE

THE TRIAL COURT COMMITED REVERSIBLE ERROR IN PERMITTING THE HIGH SCHOOL COUNSELOR TO TESTIFY REGARDING HEARSAY STATEMENTS OF THE COMPLAINING WITNESS OVER DEFENSE OBJECTIONS. SUCH EVIDENCE DID NOT MEET THE REQUIREMENTS OF OUTCRY WITNESS TESTIMONY UNDER CCP 38.072 AND CONSTRUCTIVELY VIOLATED APPELLANT'S CONSTITUTIONAL AMENDMENT RIGHTS TO CONFRONTATION OF WITNESSES AGAINST YOU.

III

## ARGUMENTS

### ISSUE NUMBER ONE

ARTICLE III, SECTION 1OF THE UNITED STATES CONSTITUTION CLEARLY STATES THAT ,"THE JUDICIAL POWER OF THE UNITED STATES, SHALL BE VESTED IN ONE SUPREME COURT ", THAT COUPLED WITH THE SIXTH AMENDMENT WHICH STATES THAT, "IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE THE RIGHT....TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM;".WITHIN REASON THE JUDGE SHOULD ALLOW THE ACCUSED GREAT LATITUDE TO SHOW ANY RELEVANT FACT THAT MIGHT AFFECT THE WITNESSES CEDIBILITY,SEE VIRTS V STATE, 793 SW2d 25,29 (TEX CRIM APP) 1987.IN POTIER V STATE, THE COURT OF CRIMINAL APPEALS HELD THAT THE EXCLUSION OF A DEFENDENT'S EVIDENCE CAN SOMETIMES AMOUNT TO A VIOLATION OF HIS RIGHT TO COMPEL THE ATTENDANCE OF WITNESSES IN HIS FAVOR, POTIER V STATE,68SW 3d 657,665 (TEX CRIM APP 2002); SEE ALSO WAHHINGGTON V TEXAS, 388 US 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019(1967) (SIXTH AMENDMENT INSURES COMPULSORY PROCESS TO OBTAIN FAVORABLE WITNESSES). ALTHOUGH "EVIDENTIARY RULINGS RARELY RISE TO THE LEVEL OF DENYING THE FUNDAMENTAL CONSTITUTIONAL RIGHTS TO PRESENT A MEANINGFUL DEFENSE," POTIER,68 SW 3d at 663, "THERE ARE TWO CIRCUMSTANCES IN WHICH THE IMPROPER EXCLUSION OF EVIDENCE MAY ESTABLISH A CONSTITUTIONAL VIOLATION: (1) WHEN A STATE EVIDENTIARY RULE CATEGORICALLY AND ARBITRARILY PROHIBITS THE DEFENDANT FROM OFFERING RELEVANT EVIDENCE THAT IS VITAL TO HIS DEFENSE; OR (2) WHEN A TRIAL COURT ERRONEOUSLY EXCLUDES RELEVANT EVIDENCE THAT IS AVITAL PORTION OF THE CASEAND THE EXCLUSION EFFECTIVELY PRECLUDES THE DEFENDANT FROM PRESENTING A DEFENSE. Id AT 659-62; WILEY V ST.

IV

74 SW 3d 399, 405 (TEX CRIM APP 2002)."RAY V STATE, 1778 SW 3d 833

835-836 (TEX CRIM APP 2005).THE CONSTITUTIONAL ERROR IN THIS CASE

FALLS INTO THE SECOND CATEGORY, BECAUSE OF THE TRIAL COURT'S LIMI-

TING OF THE TESTIMONY OF K.R. EFFECTIVELY PREVENTED APPELLANT FROM

PRESENTING A DEFENSE. WILEY,74 SW 3d at 405. THE DEFENSE CALLED

K.L.'S COUSIN,K.R., WHO LIVED TOGETHER WITH K.L. IN THE HOME OF

BRENDA KIMBLE FOR SEVERAL YEARS BEFORE K.L. WHETTO LIVE WITH THE

APPELLANT AT THE END OF HER EIGHT GRADE SCHOOL YEAR (REPORTER'S

RECORD VOL. 5,p. 75-77). ALTHOUGH K.R. WAS PERMITTED TO OFFER TES-

TIMONY BEFORE THE JURY REGARDING ONE RELATIONSHIP OF K.L.'S DURING

THE TIME PERIOD OF THE ALLEGATIONS, THE COURT DENIED THE DEFENSE'S

REQUEST TO PRESENT OTHER EVIDENCE OF NUMEROUS OTHER SEXUAL RELATI-

ONSHIPS K.L. HAD ADMITTED TO K.R. (REPORTER'S RECORD VOL. 5,pp.78,

54-55). SUCH TESTIMONY WOULD HAVE SPECIFICALLY IMPEACHED K.L.'S

CLAIMS THAT SHE HAD HAD NO SEXUAL CONTACT WITH ANYONE OTHER THAN

APPELLANT AND ALSO GENERALLY REFUTED THE STATE'S THEORY THAT HER

KNOWLEDGE OF SEXUAL MATTERS WAS A RESULT OF ABUSE BY APPELLANT.

APPELLANT HOLDS THAT THE CONSTITUTIONAL ERROR DID GRIEVOUS HARM TO

HIS DEFENSE IN TOTAL AND THE COURT SHOULD OVERTURN AND REMAND THIS

CASE TO THE TRIAL COURT FOR RETRIAL .

## ISSUE NUMBER TWO

APPELLATE COURTS TREAT POINTS OF ERROR COMPLAINING ABOUT A TRIAL

COURT'S FAILURE TO GRANT A MOTION FOR DIRECTED VEDICT AS A CHALLE-

NGE TO THE LEGAL SUFFICIENCY OF THE EVIDENCE. COOK V STATE, 858 SW

2d 467, 470 (TEX CRIM APP 1993). THE APPELLATE COURT'S DUTY TO RE-

WEIGH THE EVIDENCE FROM READING A COLD RECORD BUT TO " POSITION

ITSELF AS A FINAL, DUE PROCESS SAFEGUARD ENSURING ONLY THE RATIONALITY OF THE FACTFINDER." MATAMOROS V STATE, 901 SW 2d 470,474 (TEX CRIM APP 1995); MORENO V STATE, 755 SW 2d 866,867 (TEX CRIM APP 1988); WILLIAMS V STATE, 937 SW 2d 479 (TEX CRIM APP 1996). IN EVALUATING THE LEGAL SUFFICIENCY OF EVIDENCE OF GYUILT, THE APPELLATE COURT MUST CONSIDER ALL THE EVIDENCE. JACKSON V VIGINIA, 443 U.S. 307,319; 99 S Ct 2781,2789; 61 L. Ed.2d 560,573 (1979). McDUFF V STATE, 939 SW 2d 607 (TEX CRIM APP 1997). EVIDENCE IS LEGALLY SUUFICIENT WHEN,VIEWED IN THE LIGHT MOST FAVORABLE TO THE VERDICT, A RATIONAL JURY COULD HAVE FOUND THE ESSENTIAL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.JACKSON V VIRGINIA, 443 U.S. 307,99 S Ct 2781, 61 L Ed 2d 560 (1979).

ACCORDING TO K.L., THE EARLIEST INSTANCE OF ANY PENETRATION CONTACT BY APPELLANT UPON HER TOOK PLACE WHEN SHE WAS IN SEVENTH GRADE, WHICH MEANS SHE WOULD HAVE ALREADY BEEN 14 YEARS OLD OR OLDER, SEE (REPORTER'S RECORD VOL. 4, p. 147). AT THE CONCLUSION OF THE EVIDENCE, AS THERE HAD BEEN NO EVIDENCE PRESENTED OF ANY SPECIFIC INSTANCE OF PENETRATION PRIOR TO K.L. TURNING 14, AS ALLEGED IN COUNTS I AND II, THE DEFENSE MOVED FOR A DIRECTED VERDICT AS TO THOSE COUNTS, BUT THIS MOTION WAS DENIED BY THE COURT, (REPORTER'S RECORD VOL. 5, p. 89 ).AFTER DELIBERATION, THE JURY WAS HUNG ON COUNT I AND A MISTRIAL WAS DECLARED TO THAT COUNT ONLY, BUT A VERDICT WAS RETURNED AND ACCEPTED BY THE COURT FINDING APPELLANT GUILTY OF COUNTS II AND V AND NOT GUILTY OF COUNTS III AND IV, (REPORTER'S RECORD VOL. 5, pp. 160-163 ). AT THE CONCLUTION OF THE SENTENCING HEARING, THE TRIAL COURT ASSESSED A PUNISHMENT OF SIXTY-FIVE YEARS ON COUNT II AND TWENTY YEARS ON COUNT V, (REPORTER'S RECORD VOL.

6, p. 109 ). COUNT I OF THE INDICTMENT WAS DISMISSED ON OCTOBER 1, 2013 ( CLERK'S RECORD p. 97 ). THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT ON EITHER COUNT I OR II, AND DENIAL OF THE REQUEST FOR A DIRECTED VERDICT DENIED APPELLANT A PROPER ACQUITTAL ON COUNT I (AS OPPOSED TO DISMISSAL FOLLOWING A MISTRIAL) AND SUBSEQUENTLY RESULTED IN APPELLANT RECIEVING A SENTENCE FOR SIXTY-FIVE YEARS ON COUNT II, SIGNIFICANTLY HIGHER THAN HIS POSSIBLE RANGE ON COUNT V, THE ONLY OTHER COUNT OF WHICH HE WAS FOUND GUILTY OF. THIS DENIAL OF THE COURT'S OBLIGATION TO ORDER AN DIRECTED VERDICT TRUELY HARMED THE APPELLANT HERE. THIS COURT SHOULD REVERSE AND REMAND THIS CAUSE FOR RETRIAL.

## ISSUE NUMBER THREE

WHETHER ROOTED IN THE DUE PROCESS CLAUSE OF THE 14th AMENDMENT,, CHAMBERS V MISSISSIPPI, 410 U.S. 284,302; 93 S Ct 1038; 35 L Ed 2d 297 (1973); OR IN THE COMPULSORY PROCESS OR CONFRONTATION CLAUSES OF THE SIXTH AMENDMENT, WASHINGTON V TEXAS, 388 U.S. 14,23 (1967); DAVIS V ALASKA, 415 U.S. 308 (1974), THE CONSTITUTION GUARANTEES CRIMINAL DEFENDANTS "A MEANINGFUL OPPORTUNITY TO PRESENT A COMPLETE DEFENSE." CALIFORNIA V TROMBETTA, 467 U.S. 479,485 (1984); cf. STRICKLAND V WASHINGTON, 466 U.S. 668,684-685 (1984) ("THE CONSTITUTION GUARANTEES A FAIR TRIAL THROUGH THE DUE PROCESS CLAUSES, BUT IT DEFINES THE BASIC ELEMENTS OF A FAIR TRIAL LARGELY THROUGH THE SEVERAL PROVISIONS OF THE SIXTH AMENDMENT"). THE SUPREME COURT OF THE UNITED STATES HAS OBSERVED THAT AN ESSENTIAL COMPONANT OF PROCEDURAL FAIRNESS IS AN OPPORTUNITY TO BE HEARD. IN re OLIVER, 333U.S.257,273 (1948). SE ALSO, WASHINGTON V TEXAS, supra, at 22-23 A MOTION FOR CONTINUANCE IS ADDRESSED TO THE SOUND DISCRETION OF THE TRIAL COURT AND WILL NOT BE DISTURBED UPON DIRECT APPEAL UNLESS THERE HAS BEEN AN ABUSE OF THAT DISCRETION BY THE COURT.

APPELLANT ASSERTAINS THAT THIS IS THE CASE HERE. THE COURT DID REFUSE TO WAIT THE ASKED FOR 15 MINUTES FOR THE APPELLANT'S SISTER TO APPEAR, (SHE DID IN FACT SHOW UP IN ELEVEN MINUTES), AND IN DEED THE TESTIMONY THAT THE SISTER HAD TO OFFER WAS PARAMOUNT TO THE DEFENSE IN NOT ONLY REBUKING THE TESTIMONY OF THE VISTIM BUT AS TO THE VALIDITY OF THE CHARGES AGAINST HIM BY THE STATE.

CONTRARIWISE, A MYOPIC INSISTENCE UPON EXPEDITIOUSNESS IN THE FACE OF A JUSTIFIABLE REQUEST FOR DELAY CAN RENDER THE RIGHT TO DEFEND WITH COUNSEL AN EMPTY FORMALITY. THER ARE NO MECH-



ANICAL TESTS FOR DECIDING WHEN A DENIAL OF A CONTINUANCE IS SO ARBITRARY AS TO VIOLATE DUE PROCESS. THE ANSWER MUST BE FOUND IN THE CIRCUMSTANCES PRESENT IN EVERY CASE, PARTICULARLY IN THE REASONS PRESENTED TO THE TRIAL JUDGE AT THE TIME THE REQUEST IS DENIED. (citations omitted).

THE COURT SHOULD REVIEW THE RECORD TO DETERMINE THE TRUE VALUE OF THE DENIED WITNESSES TESTIMONY IN THE GUILT/INNOCENCE PHASE OF THE TRIAL AS COMPARED TO ITS VALUE IN THE SENTENCING PHASE. SHE DID SHOW THAT THE COMPLAINING WITNESS WAS A LIAR AND THERE WAS NO WAY THAT THE APPELLANT COULD HAVE BEEN IN TWO PLACES AT THE SAME TIME THUS WAS UNABLE TO HAVE COMMITTED THESE ACTS WITH HER.IF THE TRIAL COURT HAD WAITED FOR A.J. TO ARRIVE THE END RESULT OF THIS TRIAL WOULD OF SURELY BEEN DIFFERENT.. THE FACT THAT THE WITNESS DID GET TO THE COURT WHILE CLOSING ARGUMENTS WERE BEING MADE BUT THE COURT STILL REFUSED TO ALLOW A.J. TO TESTIFY AND PROVE THAT THE APPELLA-NT WAS INNOCENT OF THE CHARGES BROUGHT BY COUNT I AND II. COUNSEL REQUESTED PERMISSION TO REOPEN PRIOR TO COURT'S PRONOUNCING SENT-ENCE, BUT THIS REQUEST WAS ALSO DENIED (REPORTER'S RECORD VOL. 6, p. 109). UNITED STATES V UPTAIN,531 F2d 1281 (5th Cir. 1976) FAC-TORS WEIGH HEAVILY TOWARD A FINDING THAT THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE REQUESTED RECESS: THE REQUESTED RECESS OF 15 MINUTES WAS MINIMAL, THE DEFENSE HAD ALREADY INFORMED THE COURT OF THE PARTICULAR NATURE OF THE WITNESS'S TESTIMONY, AND THE PROPOSED TESTIMONY REGARDING THE UNRELIABILITY OF THE COMPLA-INING WITNESS WOULD HAVE BEEN BOTH UNIQUE AND NON-CUMULATIVE OF ANYTHING SEPARATELY OFFERED. THE STATE EMPHASIZED IN ITS CLOSING APPELLANT'S ALLEGED FAILURE TO TAKE RESPONSIBILITY FOR ITS ACT-(tions, which testimony of the COMPLAINING VICTIMS UNTRUTHFULNESS

IX

WOULD HAVE SPECIFICALLY REFUTED (REPORTER'S RECORD VOL 6, pp. 95-6)
THE RESULTANT HARM WAS THAT APPELLANT RECIEVED A PUNISHMENT TOWARDS
THE UPPER END OF THE SENTENCE RANGE FOR THE OFFENSE, TO-WIT, SIXTY-
FIVE YEARS OUT OF A RANGE OF FIVE TO NINETY-NINE YEARS.
THIS COURT SHOULD REVIEW THE RECORD TO COMFIRM FOR ITSELF THAT THE
TRIAL COURT DID IN FACT ABUSE ITS DISCRETION IN DENYING THE REQ-
uested 15 MINUTE RECESS TO AWIAT THE WITNESS OF RECORD.
APPELLANT PRAYS THAT THIS COURT WILL REVERSE AND REMAND FPOR NEW
TRIAL AND OR ANY OTHER REMEDY DUE APPELLANT IN THIS CAUSE.

THIS COURT SHOULD CONDUCT AN EVIDENTUARY HEARING, OR ORDER
IT DONE BY THE TRIAL COURT TO DETERMINE THE TRUTH OF THE WITNESSES
WHO CAN PLACE THE FALSE ACCUSER OVER A HUNDRED MILES AWAY FROM
THE PETITIONER AT THE TIME OF THE SUPPOSED CRIMES ALONG WITH
THE TESTIMONY OF THE PERSON WHO WAS CARING FOR THE FALSE ACCUSER
MAKING IT IMPOSSIBLE FOR HIM TO BE IN TWO PLACES AT THE SAME
TIME. THESE FACTS ALONE SHOULD PROMPT THE COURT TO ORDER AN EVIDE-
TUARY HEARING INTO THE TRUTH OF THE MATTER, ALONG WITH THE FACT
THAT THE FALSE ACCUSER WAS OVER THE AGE OF 14 WHEN THE SUPPOSED
ACTS OCCURED MAKING THE CONVICTION OF COUNT TWO ILLEGAL IN AND
OF ITSELF AND THE SENTENCE THEN BEING ILLEGAL ALSO.

THIS COURT SHOULD REVERSE AND REMAND FOR RELEASE OR AT
LEAST AN EVIDENTUARY HEARING TO DETERMINE THE EXACT WHEREABOUTS
OF THE PETITIONER AT THE TIME OF THESE FALSE ACCUSATIONS AGAINST
HIM AND THE ILLEGAL SENTENCE IMPOSED BY THE COURT FOR A CRIME
HE COULD NOT HAVE COMMITTED SEEING AS THE FALSE ACCUSER WAS
OVER THE AGE OF 14 AT THE TIME SHE SAID SHE WAS ATTACKED BY
THE PETITIONER WHO WAS AT THAT TIME OVER A HUNDRED MILES AWAY.

x

## ISSUE NUMBER FOUR

THE FIFTH AMENDMENT OF THE U S CONSTITUTION IS A PRIVILEGE AGAINST SELF INCRIMINATION AND APPLIED TO THE STATES IN MALLORY V HOGAN 378 US 1, 84 S Ct 1489, 12 Ed. 2d 653 (1964). IT IS NOW AXIOMATIC THAT A DEFENDANT IN A CRIMINAL CASE IS DEPRIVED OF DUE PROCESS OF LAW IF HIS CONVICTION IS FOUNDED, IN WHOLE OR IN PART, UPON AN INVOLUNTARY CONFESSION, WITHOUT REGARD FOR THE TRUTH OR FALSITY OF THE CONFESSION, ROGERS V RICHMOND,365 US 534[ 81 S Ct 735,, 5 L. Ed 2d 760] (1961), AND EVEN THOUGH THERE IS AMPLE EVIDENCE ASIDE FROM THE CONFESSION TO SUPPORT THE CONVICTION.MALINSKI V NEW YORK, 324 US 401[, 65 S Ct 781, 89 L Ed 1029] (1945).in other words, the violation cannot be cured merely by asserting that it caused no harm or that the other evidence in the case is overwhelming.

WITHOUT REGARD TO THE VALIDITY OF THE EVIDENCE SO OBTAINED OR ITS WEIGHT RELATIVE TO OTHEREVIDENCE PRESENTED AT TRIA, IT CANNOT BE SAID WITH ANY CONFIDENCE THAT THE WRONGFULLY PROCURED ITEMS OR STATEMENTS DID NOT CONTRIBUTE IN SOME MANNER TO THE APPELLANT'S CONVICTION, SO THE CONVICTION BASED ON TAINTED EVIDENCE MUST, IN ALL FAIRNESS AND JUSTICE, BE OVERTURNED.

## ISSUE NUMBER ~~FOUR~~ FIVE

RULE 801(d) OF THE TEXAS RULES OF EVIDENCE PLAINLY DEFINES "HERESAY " AS "A STATEMENT ,OTHER THAN ONE MADE BY THE DECLARANT WHILE TESTIFYING AT THE TRIAL OR HEARING,OFFERED IN EVIDENCE TO PROVE THE TRUTH OF THE MATTER ASSERTED" AND RULE 802 PROVIDES THAT "HERESAY IS NOT ADMISSIBLE EXCEPT AS PROVIDED BY STATUTE OR THESE RULES OR BY OTHER RULES PRESCRIBED PURSUANT TO STATUT-ORY AUTHORITY." ONCE SUCH HERESAY EXCEPTION IS THE "OUTCRY WITNESS" EXCEPTION FOUND IN ARTICLE 38.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURES,BUT BY ITS OWN EXPLICITTERMS, ARTICLE 38.072 APPLIES ONLY TO OFFENSES "COMMITTED AGAINST A CHILD YOUNGER THAN 14 YEARS OF AGE." TEXAS CODE OF CRIMINAL PROCEDURE ART.38.072,SEC.1.

BY HER OWN TESTIMONY, K.L. WAS SIXTEEN YEARS OLD AT THE TIME OF THE ALLEGED ASSAULT DISCRIBED IN THE STATEMENT SHE WROTE OUT FOR MRS.DARBY (REPORTER'S RECORD VOL. 3, pp. 15 AND 43). THUS, MRS DARBY'S TESTIMONY DID NOT MEET THE REQUIREMENTS OF ART. 38.072 AND THE TRIAL COUT'S DECISION TO PERMIT HER TO TESTIFY REGARDING HERESAY STATEMENTS UNDER THE "OUTCRY WITNESS" EXCEPTION WAS OUTSIDE THE ZONE OF REASONABLE DISAGREEMENT.

THE COURT OF CRIMINAL APPEALS HAS HELD THAT "WHERE RELEVANT CRITERIA,VIEWED AS OBJECTIVELY AS POSSIBLE, LEAD TO THE CONCLUSION THAT THE DANGER OF UNFAIR PERJUDICE SUBSTANTIALLY OUTWEIGHED THE PROBATIVE VALUE OF THE PROFFERED EVIDENCE, THE APPELLATE COURT SHOULD DECLARE THAT THE TRIAL COURT ERRED IN FAILING TO EXCLUDE IT. RELEVANT CRITERIA GLEANED FROM THE AUTHORITIES INCLUDE,INTER ALIA, THAT THE ULTIMATE ISSUE WAS NOT SERIOUSLY CONTESTED BY THE OPPONENT; THAT THE STATE HAD OTHER CONVINCING EVIDENCE TO ESTABLISH THE ULTIMATE ISSUE TO WHICH THE [PROFFERED EVIDENCE]

XII

WAS RELEVANT;THAT THE PROBATIVE VALUE OF THE [PROFFERED EVIDENCE] WAS NOT, EITHER ALONE OR IN COMBINATION WITH OTHER EVIDENCE, PARTICULARLY COMPELLING; THAT THE [PROFFERED EVIDENCE] WAS OF SUCH A NATURE THAT A JURY INSTRUCTION TO DISREGARD IT FOR ANY BUT ITS PROFFERED PURPOSE WOULD NOT LIKELY HAVE BEEN EFFICACIOUS. ACCORDINGLY,WHEN THE RECORD REVEALS ONE OR MORE SUCH RELEVANT CRITERIA REASONABLY CONDUCTING TO A RISK THAT THE PROBATIVE VALUE OF THE TENDERED EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY UNFAIR PREJUDICE, THEN AN APPELATE COURT SHOULD CONCLUDE THAT THE TRIAL COURT ACTED IRRATIONALLY IN FAILING TO EXCLUDE IT, AND THUS ABUSED ITS DISCRETION. THE TRIAL COURT HAS NO "RIGHT" TO BE "WRONG"IF THAT MEANS TO ADMIT EVIDENCE WHICH APPPEARS TO THE APPELLATE COURT, AFFORDING ALL DUE DEFERENCE TO THE TRIAL COURT'S DECISION, NEVERTHELESS TO BE SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE." MONTGOMERY V STATE, 810 SW 2d 372,392-393 (TEXAS CRIMINAL APPEALS 1991).

In the present case, Mrs Darby,the school counselor, was permitted to testify as an outcry witness both to what K.L. told her and more particulary as the sponsoring witness for STATE'S EXHIBIT 14, aWRITTEN STATEMENT WHICH K.L. HAD MADE AND GIVEN TO MRS DARBY (REPORTER'S RECORD VOL. 3, pp. 29 AND 41-9). THE BULK OF THE DETAILS REGARDING THE FALSE ACCUSATIONS BROUGHT BY K.L. WERE ORIGINALLY INTRODUCED THROUGH STATE'S EXHIBIT 14, WHICH WAS ADMITTED BY THE TRIAL COURT OVER DEFENSE OBJECTIONS (PREPORTER'S RECORD VOL. 3,p.48). APPLYING SOME OF THE MONTGOMERY FACTORS TO THIS PIECE OF EVIDENCE,HOWEVER,ONE SEES 1)THAT THE STATE HAD OTHER CONVINCING EVIDENCETO ESTABLISH THE ULTIMATE ISSUE TO WHICH THE PROFFERED STATEMENT WAS RELEVANT,i.e. K.L.'S SUBSE-

QUENT IN-PERSON TESTIMONY; 2) THAT THE PROBATIVE VALUE OF THE PROFFERED STATEMENT WAS NOT, EITHER ALONE OR IN COMBINATION WITH OTHER EVIDENCE, PARTICULARLY COMPELLING, THE PROFFERED STATEMENT BEING A PREPARED WRITTEN STATEMENT OF TESTIMONY WHICH WAS MORE PROPERLY EVALUATED LIVE FROM THE WITNESS STAND; AND 3) THAT THE PROFFERED STATEMENT WAS OF SUCH A NATURE THAT A JURY INSTRUCTION TO DISREGARD IT FOR ANY BUT ITS PROFFERED PURPOSE WOULD NOT LIKELY HAVE BEEN EFFICACIOUS, AS THE STATEMENT PURPORTED TO BE A DETAILED ACCOUNT OF A SPECIFIC SEXUAL ASSAULT WHICH, BEING ADMITTED BEFORE THE JURY IN ADVANCE OF K.L. 'S LIVE TESTIMONY, WAS GRANTED PRIMACY BY THE TRIAL COURT OVER K.L. 'S LIVE TESTIMONY AND APPELLANT'S OPPORTUNITY TO COMFRONT AND CROSS-EXAMINE K.L. UNDER THESE CIRCU-MSTANCES, THERE WAS MORE THAN REASONABLE RISK THAT THE PROBATIVE VALUE OF THE ADMITTED STATEMENT, WHEN CONSIDERED IN LIGHT OF OTHER EVIDENCE INTRODUCED BY THE STATE, WAS SUBSTANTIALLY OUTW-EIGHED BY THE PREJUDICIAL IMPACT OF THE ADMITTED STATEMENT, BY ITS PREEMPTING THE SUBSEQUENT LIVE TESTIMONY OF K.L., SUCH THAT THE TRIAL COURT ACTED IRRATIONALLY AND ABUSED ITS DISCRETION INFAILING TO EXCLUDE IT.

IN CONCLUSION, THE PETITIONER ASSERTS THAT HE HAS SHOWN THAT THE TRIAL COURT ABUSED ITS DISCRETION IN THIS INSTANCE AND THE COURT SHOULD REVERSE AND REMAND FOR FURTHER ACTION BY THE TRIAL COURT, OR OTHER SUCH ACTION AS THE FACTS DESERVE.

## PRAYER

ON THE BASIS OF THE TRIAL COURT ERRORS AND THE PERMITTING OF IMPROPER NON-OUTCRY HERESAY, PERMITTING THE USE OF THE APPELLANT'S INVOLUNTARY STATEMENT, DENYING APPELLANT'S REQUEST TO IMPEACH THE COMPLAINING WITNESS'S TESTIMONY, DENYING APPELLAN'S MOTION FOR A DIRECTED VERDICT AS TO COUNTS I AND II, AND DENYING APPELLANT'S REQUEST FOR A RECESS OF AND LATER TO REOPEN THE PUNISHMENT HEARING TO PRESENT AN EARLIER UNAVAILABLE DEFENSE WITNESS, APPELLANT RESECTFULLY PRAYS THAT THE COURT OF APPEALS REVERSE THE JUDGMENT OF THE CONVICTION IN THIS MATTER IN THE LOWER COURT AND RENDER AN APPROPRIATELY REFORMED JUDGMENT, OR IN THE ALTERNATIVE, REMAND THE CASE TO THE LOWER COURT FOR A NEW HEARING.

RESPECTFULLY SUBMITTED,

*Archer Evans*

ARCHER LEE EVANS

PRO SE APPELLANT

XV

<u>CS</u>

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT TO THE DISTRICT ATTY.'S OFFICE IN TAYLOR COUNTY TEXAS ON THIS THE _17_ DAY OF _June_ ,2015.

_Archer Evans_

**ARCHER LEE EVANS #189 84 80**

**2101 FM 369 Nth ALLRED UNIT**

**IOWA PARK, TEXAS**

**76367-6566**

## INMATE DECLARATION

I, ARCHER LEE EVANS, DO HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT IN ITS ENTIRETY.

SWORN ON THIS THE _17_ DAY OF _June_, 2015.

_Archer Evans_

**ARCHER LEE EVANS**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00296-CR

_____

**ARCHER LEE EVANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10795-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Archer Lee Evans of the offenses of aggravated sexual assault of a child and sexual assault of a child.[1] Appellant elected for his punishment to be assessed by the trial court, and it assessed punishment at confinement for sixty-five years for the aggravated sexual assault of a child and

---

[1]*See* TEX. PENAL CODE ANN. § 22.011 (West 2011), § 22.021 (West Supp. 2014).

twenty years for the sexual assault of a child.  The trial court then sentenced Appellant accordingly.  Appellant asserts five issues on appeal.  We affirm.

## I. *The Charged Offenses*

The grand jury indicted Appellant on five separate counts, but the jury only convicted on Counts II and V.  The second count charged Appellant with aggravated sexual assault of a child, and the fifth count charged Appellant with sexual assault of a child.  The second count alleged that Appellant intentionally and knowingly caused the sexual organ of K.L., a child under the age of fourteen, to be penetrated by Appellant's sexual organ on or about February 20, 2010.  The fifth count alleged that Appellant intentionally and knowingly caused the sexual organ of K.L., a child younger than seventeen and not the spouse of Appellant, to be penetrated by Appellant's sexual organ on or about April 20, 2012.

As relevant here, a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means" and the victim is younger than fourteen years of age.  PENAL § 22.021(a)(1)(B)(i), (a)(2)(B).  An offense of aggravated sexual assault of a child is a felony of the first degree.  *Id.* § 22.021(e).  A person commits sexual assault of a child if he engages in the same conduct as outlined above with a child under the age of seventeen.  *Id.* § 22.011(a)(2)(A), (c)(1).  An offense of sexual assault of a child is a felony of the second degree.  *Id.* § 22.011(f).

## II. *Evidence at Trial*

Appellant is the father of K.L., the victim.  Child Protective Services (CPS) removed K.L. from her mother's home when she was three years old, and she moved in with Appellant.  K.L. testified that, around that time, Appellant started "touching" her vagina and mouth with his penis.  K.L. testified that the same kind of "touching" continued throughout her childhood while she and Appellant moved

2

to various households to live with Appellant's family members, girlfriends, or friends. K.L. also lived with her grandmother, without Appellant, for part of middle school. K.L. said that, when she was in the seventh grade, she and Appellant moved in with Appellant's girlfriend and that the "touching" became "more aggressive." K.L. testified that, when she was around twelve or thirteen years old, Appellant started penetrating her vagina with his penis.

K.L. said that Appellant no longer forced her to perform oral sex on him but that he would penetrate her vagina with his penis two to three times a week. She further testified that Appellant penetrated her "butt" with his penis two times. K.L. said she and Appellant moved into their own apartment when she was in the ninth grade, and she agreed that the abuse "got more violent" because she fought him more. K.L. described the more violent nature of the abuse and testified that Appellant hit her and tried to tie her down. She claimed that Appellant would use sexual abuse as punishment or as a requirement before she could do an activity that she wanted to do.

At the end of K.L.'s ninth grade year, she made a statement to her boyfriend, who was eighteen years old at the time, that her father had raped her. She did not tell him any details about the rape or any other sexual abuse. The following day at school, she made the same statement to a female friend, who was sixteen years old. Both K.L.'s boyfriend and her female friend convinced K.L. to report the abuse to school administrators. K.L. testified that, when she reported the abuse to the school counselor, Cindy Darby, she could only write down an account of the abuse because she was crying and could not speak. K.L. said that, overall, the abuse lasted from when she was three years old to when she made the outcry at sixteen.

K.L. also said that Appellant used coconut shampoo as a lubricant during the assaults, that he made her wear women's panties, and that he would ejaculate onto the floor in her room and rub his semen into the carpet with his tube socks. When

3

asked if law enforcement could search Appellant's home, Appellant consented to a search of the living room, kitchen, and K.L.'s bedroom. Appellant was present during the search. According to Detective Stacey Cisneros of the Abilene Police Department, Appellant appeared "pretty cautious" and "very paranoid" when the officers were in his home; he would only allow two officers in the home at a time.

Upon a search of K.L.'s bedroom, officers and the forensic team found tube socks near K.L.'s bed, women's panties under the headboard and mattress, stains on the wall and the carpet, and a bottle of coconut shampoo on the headboard. Officers also photographed the bedroom and a Tweety Bird blanket. Officer Wallace McDaniel, a latent print examiner with the Abilene Police Department, testified that he took two swabs: one from the east wall and one from the carpet. Amy Smuts, a forensic DNA analyst with the University of North Texas Health Science Center in Fort Worth, testified that the sample on the east wall was semen. Smuts compared the sample to Appellant's DNA profile and determined that he could not be excluded as a contributor.

Detective Cisneros said that he, the other officers, and Appellant returned to the Law Enforcement Center (LEC) after the search of Appellant's home. At the LEC, Detective Cisneros read Appellant his *Miranda*[2] rights and made it clear that Appellant was a suspect. Detective Cisneros testified that Appellant was not in custody, that Appellant was free to leave, and that he never threatened Appellant with arrest. Appellant waived his rights and talked with Detective Cisneros.

Detective Cisneros said that Appellant told him that an adult woman that had stayed in K.L.'s room, which would explain the women's panties, and that he had sex with that woman in K.L.'s room, which would explain why his DNA was found in K.L.'s bedroom. Detective Cisneros also said that Appellant remarked that K.L. had fabricated the allegations against him because he was opposed to her

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

dating a Puerto Rican boy. Appellant also appeared very anxious and paranoid; he remarked that he thought his cellphone was being tapped because K.L. had sent him messages. Appellant later requested an attorney, and Detective Cisneros stopped the interview, which had lasted less than an hour. Appellant left the LEC.

Tatum Woodson, a licensed professional counselor with the Regional Victim Crisis Center, testified that K.L., as a result of the sexual abuse, suffered from post-traumatic stress disorder (PTSD). He stated that this included nightmares, irritability, loss of sleep, and a feeling of helplessness; hypervigilance and lack of concentration; and avoidance behavior, such as detachment and withdrawal from people. Woodson testified that, due to the abuse from her father—her caregiver, K.L. did not realize she could say "no" to others who requested an intimate relationship and K.L. was at risk to act in sexually inappropriate ways.

Judith LaFrance, a registered sexual assault nurse examiner (SANE) at Hendrick Medical Center, testified that she interviewed and examined K.L. shortly after K.L. made her outcry to Darby. LaFrance said K.L. described how her father had sexually abused her. LaFrance noted that K.L. had a tear to her hymen that had healed, which was not from the sexual intercourse she had had that morning with her boyfriend. LaFrance also said that she did not find any other evidence of physical trauma, which was not unusual in a sexual assault case. No physical evidence was gathered because too much time had passed from the time K.L. had been most recently abused by Appellant.

### III. *Issues Presented*

Appellant argues in his first two issues that the trial court erred when it allowed testimony from Darby, who Appellant alleged was not an "outcry witness," and when it admitted statements Appellant made to law enforcement personnel. Appellant argues, in his third and fourth issues, that the trial court erred when it denied the admission of impeachment evidence about K.L.'s sexual

5

behavior and when it denied his motion for a directed verdict on the first two counts of the indictment. Finally, Appellant asserts that the trial court erred when it denied his request for a recess and his request to reopen the sentencing hearing.

## IV. *Standards of Review*

We review Appellant's first, second, third, and fifth issues for an abuse of discretion. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g) (reviewing admission and exclusion of evidence); *Garcia v. State*, 919 S.W.2d 370, 387 (Tex. Crim. App. 1996) (op. on reh'g) (reviewing admission of defendant's statements); *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007) (reviewing motion for continuance). Under an abuse of discretion standard, we will reverse the trial court's decision only if it acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *See Montgomery*, 810 S.W.2d at 390–92. We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* at 391.

Appellant's fourth issue, a challenge to a trial court's ruling on a motion for directed verdict, is the same as a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). We review a challenge to the sufficiency of the evidence under the standard of review in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We will address Appellant's fourth issue first followed by his remaining issues.

## V. *Discussion and Analysis*

### A.  *Issue Four:  Directed Verdict and Sufficiency of the Evidence*

Appellant challenges the trial court's denial of his motion for directed verdict on Counts I and II of the indictment.  Count I of the indictment, which resulted in a hung jury and subsequent dismissal, alleged continuous sexual abuse of a child.  Count II of the indictment, on which the jury found Appellant guilty, alleged aggravated sexual assault of a child.  Each count required the State to prove, among other elements, sexual assault by penetration of a child younger than fourteen years of age.  *See* PENAL §§ 21.02, 22.021.

Although the trial court dismissed Count I, Appellant argues he was entitled to a finding of not guilty rather than a dismissal and, on appeal, challenges the sufficiency of the evidence as to this count.  Appellant cites no statute or case law to support his sufficiency challenge to a dismissed count, and we have found none; he also does not make a double jeopardy claim.  A mistrial declared after a trial judge has determined the jury cannot agree upon a verdict does not terminate the original jeopardy to which the defendant was subjected.  *Sullivan v. State*, 874 S.W.2d 699, 701 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Richardson v. United States*, 468 U.S. 317, 326 (1984)); *see also Green v. United States*, 355 U.S. 184, 188 (1957).  "Regardless of the sufficiency of the evidence at a defendant's first trial, he has no valid double jeopardy claim to prevent his retrial when there has been a hung jury at his first trial."  *Coleman v. State*, 859 S.W.2d 608, 609 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (citing *Richardson*, 468 U.S. at 326).

Count II required the State to prove, among other elements, sexual assault by penetration of a child younger than fourteen years of age.  *See* PENAL § 22.021.  Appellant argued in both his motion for directed verdict and his issue on appeal that the State failed to present any evidence that sexual abuse occurred while K.L.

7

was younger than fourteen years of age. Thus, if there is sufficient evidence to support the jury's finding that Appellant sexually penetrated K.L. when she was younger than fourteen, we must overrule Appellant's issue. *Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638.

K.L. testified that her birthday was February 21 and that, at the time of trial in August of 2013, she was seventeen years old and about to enter the eleventh grade. Appellant argues that K.L. testified that the earliest instance of penetration by Appellant occurred when she was in seventh grade, which means K.L. was already at least fourteen years old. This assertion, however, ignores K.L.'s testimony that she moved in with Appellant's girlfriend during her seventh grade year, when she was "twelve or thirteen" years old, and that Appellant penetrated her at least two to three times a week during that time. The jury may convict on the testimony of the victim alone. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990); *Mirano v. State*, No. 11-12-00179-CR, 2014 WL 2810086, at *5 (Tex. App.—Eastland June 19, 2014, no pet.) (mem. op., not designated for publication).

We have reviewed the record, and based upon the evidence that we have previously outlined, we hold that there was sufficient evidence for a rational jury to have found beyond a reasonable doubt that Appellant penetrated K.L. when she was younger than fourteen years of age. *See* CRIM. PROC. art. 38.07; *Villalon*, 791 S.W.2d at 133; *Mirano*, 2014 WL 2810086, at *5. We also hold there was sufficient evidence to convict Appellant of the offenses of aggravated sexual assault of a child and sexual assault of a child. We overrule Appellant's fourth issue.

8

## B. Issue One: Outcry Witness

Appellant argues in his first issue that the trial court erred when it allowed Darby to testify as an "outcry witness." *See* CRIM. PROC. art. 38.072. In the case below, Appellant objected to Darby's testimony on hearsay grounds and argued that K.L.'s boyfriend or K.L.'s teacher was the proper outcry witness, not Darby. On appeal, however, Appellant argues that K.L.'s statement made to Darby was not an outcry statement because K.L. was sixteen years old at the time of an alleged assault that she described in the statement and, thus, that Darby did not qualify as an outcry witness because K.L.'s statement was not an outcry statement.

"A trial court has broad discretion to determine the admissibility of outcry evidence, and we will not disturb its determination as to the proper outcry witness absent a showing in the record that the trial court clearly abused its discretion." *Brown v. State*, 381 S.W.3d 565, 571 (Tex. App.—Eastland 2012, no pet.) (citing *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd)). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391.

Hearsay is not admissible except as provided by statute or by the Rules of Evidence. TEX. R. EVID. 802; *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 permits outcry statements by certain victims of child abuse to be admitted during trial, despite the hearsay rule, if the provisions of that article are met. CRIM. PROC. art. 38.072. A general "hearsay" objection by the defendant may be sufficient to inform the trial court of the defendant's complaint regarding testimony disclosing an outcry statement. *See Long*, 800 S.W.2d at 548. The Court of Criminal Appeals has indicated that, when a party challenges the evidence as hearsay, it "should be regarded by courts at all levels as a sufficiently specific objection, except under the most unusual circumstances." *Cordero v.*

*State*, 444 S.W.3d 812, 818 (Tex. App.—Beaumont 2014, pet. ref'd) (quoting *Lankston v. State*, 827 S.W.2d 907, 910 (Tex. Crim. App. 1992)).

A timely hearsay objection at trial gives rise to the requirement that the trial court conduct an Article 38.072 hearing. *Long*, 800 S.W.2d at 548. Once the hearsay objection is made, the burden then shifts to the State to prove an exception, such as compliance with Article 38.072, which makes the statement admissible. *See Long*, 800 S.W.2d at 547–48; *Villalon*, 791 S.W.2d at 135–36. To comply with Article 38.072, the statement must describe the alleged offense and be made to a person eighteen years of age or older. CRIM. PROC. art. 38.072. Article 38.072 applies to a proceeding in the prosecution of certain offenses if committed against a child under fourteen years of age. *Id.*

In this case, the trial court held an Article 38.072 hearing after Appellant objected. Darby and K.L. testified at the hearing; the trial court ruled that Darby, not the boyfriend, was the proper outcry witness. The trial court held that K.L.'s statements to her boyfriend were an allusion to an offense and did not include enough detail of any of the offenses alleged for the boyfriend to qualify as an outcry witness. *See Garcia*, 792 S.W.2d at 91–92. We agree; the testimony of K.L. reflects that she first described the offense to Darby and only alluded to abuse when she spoke to her boyfriend.

Furthermore, the statement K.L. wrote to Darby contained, in part, the following accusations: "When I was 3 my dad started touching me, then when I was in 5th [grade] . . . he took me to this place . . . and he tried to Rap[e] me there and when [I] was in 7th grade [I] moved back with my dad and he Raped me." The State has established that K.L.'s statement complied with Article 38.072 because it described an alleged offense committed against a child younger than fourteen years of age. Because the statement included accusations that described offenses committed against a child younger than fourteen, it was properly

10

admitted. *Smith*, 131 S.W.3d at 932. We hold that the trial court did not abuse its discretion when it admitted K.L.'s outcry statement through Darby.

Appellant also argues that, even if the trial court did not err when it allowed Darby to testify as an outcry witness under Article 38.072, the testimony was inadmissible under Rules 401, 402, and 403 of the Texas Rules of Evidence. *See* TEX. R. EVID. 401–403. In the case below, Appellant did not object on relevance and unfair-prejudice grounds under Rules 401, 402, or 403, as he has done on appeal. *See id.* To preserve error for review on appeal, with respect to the erroneous admission of evidence, the complainant must make a specific objection and obtain a ruling on the objection. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The point of error on appeal "must comport with the objection made at trial." *Id.* Because Appellant's complaints as to relevancy and unfair prejudice were not made at the outcry-witness hearing or during trial, these arguments are waived. *See id.* We overrule Appellant's first issue.

*C. Issue Two: Appellant's Statements Made at Law Enforcement Center*

Appellant argues that the trial court erred when it admitted statements he made to law enforcement personnel when he was at the LEC. Appellant contends that, because law enforcement held K.L. in custody and denied him access to her, they coerced his statements. Once a defendant raises the issue of voluntariness of a statement, the trial court must hold a hearing on the admissibility of the statement outside the presence of the jury. CRIM. PROC. art. 38.22, § 6; *Jackson v. Denno*, 378 U.S. 368, 380 (1964). The burden is on the State to prove, by a preponderance of the evidence, that the statement was voluntarily made. *State v. Terrazas*, 4 S.W.3d 720, 725 (Tex. Crim. App. 1999).

A statement is involuntary if there was official, coercive conduct of such a nature that any statement obtained was unlikely to have been the product of an essentially free and unconstrained choice by its maker. *Alvarado v. State*, 912

11

S.W.2d 199, 211 (Tex. Crim. App. 1995). To determine if the statement was voluntary, the reviewing court must examine the totality of the circumstances surrounding the acquisition of the statement. *Colorado v. Connelly*, 479 U.S. 157, 176 (1986). Without coercive police conduct causally related to the statement, there is no basis for concluding any state actor has deprived a criminal defendant of due process of law. *Id.* at 164. The ultimate question to determine voluntariness is "whether the suspect's will was overborne" by the conduct of the state actor. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997).

Detective Cisneros investigated Appellant as a suspect after K.L. made the outcry that Appellant sexually abused her. Appellant arrived at the LEC on the afternoon of K.L.'s outcry, where Detective Cisneros met him. Detective Cisneros requested consent from Appellant to search his home for evidence of K.L.'s abuse. Appellant consented and signed a "Consent to Search" form for a search of his home. Detective Cisneros and Appellant, along with other officers, drove to Appellant's home, where officers conducted the search. After the search, Appellant and Detective Cisneros returned to the LEC. Throughout this time period, K.L. was at the LEC.

Back at the LEC, Detective Cisneros read Appellant his *Miranda* rights and interviewed him. Detective Cisneros made it clear that Appellant was a suspect. Detective Cisneros testified that Appellant was not in custody and was free to leave; he never threatened Appellant with arrest. Rather than leave, Appellant agreed to the interview with Detective Cisneros. The interview lasted less than an hour, and when Appellant requested an attorney, Detective Cisneros stopped the interview and Appellant left the LEC.

Appellant was not in custody at the time of the interview and was free to leave; he was also read his *Miranda* rights, which he waived, and he voluntarily agreed to talk to law enforcement. Appellant also knew that law enforcement

12

suspected him of sexually abusing K.L., which made it reasonable for law enforcement to keep him from her. *See generally* TEX. FAM. CODE ANN. ch. 261 and ch. 262 (West 2014) (setting out the State's duties to investigate reports of child abuse and protect children from such abuse). There is no evidence in the record suggesting that law enforcement acted improperly or that Appellant's statements were the result of any coercive conduct. We hold that the trial court did not abuse its discretion when it found that Appellant's statements were voluntary. We overrule Appellant's second issue.

### D. Issue Three: Excluded Testimony

Appellant argues in his third issue that the trial court committed reversible error when it did not allow K.R., a cousin of K.L., to testify about what K.L. had told her about K.L.'s sexual behavior, which Appellant claims would have impeached K.L.'s testimony.

Rule 412 excludes all evidence in a criminal case pertaining to the victim's sexual behavior, with five exceptions: (1) the evidence is necessary to rebut or explain scientific or medical evidence by the State; (2) the evidence of past sexual behavior with the accused offered to show consent; (3) the evidence that relates to motive or bias of the victim; (4) the evidence is admissible under Rule 609 of the Texas Rules of Evidence; and (5) the evidence is constitutionally required to be admitted. TEX. R. EVID. 412.[3] Even if the evidence falls within an exception, the trial court must consider whether its probative value outweighs the danger of unfair prejudice. *Id.*; *Delapaz v. State*, 297 S.W.3d 824, 827 (Tex. App.—Eastland 2009, no pet.) (citing *Hood v. State*, 944 S.W.2d 743, 746 (Tex. App.—Amarillo 1997,

---

[3]We note that Rule 608(b) prohibits a party from attempting to attack a witness's credibility through specific instances of misconduct. TEX. R. EVID. 608(b). Rule 609 allows for impeachment for felonies or crimes of moral turpitude committed within the last ten years if the probative value of admission outweighs the prejudicial effect to a party. TEX. R. EVID. 609(a), (b); *Wunneburger v. State*, 844 S.W.2d 864, 867 (Tex. App.—Amarillo 1992, pet. ref'd). Beyond that period, the probative value of the conviction must substantially outweigh the prejudicial effect to the party. TEX. R. EVID. 609(b).

no pet.)).  The trial court does not err in excluding evidence of a complainant's promiscuity with third parties unless those sexual activities are material to an issue, *and* the defendant raises consent as a defense.  *Wofford v. State*, 903 S.W.2d 796, 799 (Tex. App.—Dallas 1995, pet. ref'd).

Appellant claimed that K.R., who lived with K.L at relevant times before K.L.'s outcry, would have impeached K.L.'s claims that she had had no sexual contact with anyone other than Appellant and would refute the State's theory that K.L.'s knowledge of sexual matters resulted from Appellant's abuse.  The trial court held a Rule 412 hearing in which K.R. testified.  The trial court ruled that K.R.'s contradictory testimony was inadmissible because any probative value was far outweighed by the danger of unfair prejudice.  However, the trial court did allow the State to question K.L. about a specific instance of sexual activity with her boyfriend that occurred on the morning that she made the outcry.  Given the paucity of evidence in K.R.'s testimony, which was both inconsistent and contradictory, and the lack of any exception under Rule 412 that would allow such testimony, Appellant has failed to show why K.R.'s testimony was admissible.  *See Delapaz*, 297 S.W.3d at 827.  We have reviewed the record, and we cannot say that the trial court abused its discretion.

But, if we are incorrect in our holding, any error that occurred in excluding the evidence would be nonconstitutional error, under Rule 44.2(b); such error is reversible only when an appellant's substantial rights have been affected and resulted in a "substantial and injurious effect or influence in determining the jury's verdict."  *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)) (internal quotation mark omitted); *accord* TEX. R. APP. P. 44.2(b).  A criminal conviction should not be overturned for nonconstitutional error under Rule 44.2(b) if, after examining the record, we have "fair assurance that the error did not influence the jury, or had but

14

a slight effect." *Morales*, 32 S.W.3d at 867 (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)) (internal quotation mark omitted). We have reviewed the record, and we hold that any error that occurred was harmless because it did not affect Appellant's substantial rights and did not influence the jury. We overrule Appellant's third issue.

*E. Issue Five: Requests for Recess and to Reopen Hearing*

Appellant argues in his final issue that the trial court should have granted his request for a recess and his request to reopen the sentencing hearing to accommodate a defense witness that arrived late. We review the trial court's ruling on Appellant's request for a recess for an abuse of discretion. *Gallo*, 239 S.W.3d at 764 (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996)) (addressing a motion for continuance made during trial). To establish an abuse of discretion, Appellant must show that he was actually prejudiced or harmed by the denial. *Id.*

For a motion to reopen evidence:

> A trial judge is required to reopen a case under Art. 36.02 only if the proffered evidence is 'necessary to a due administration of justice.' Given the direction of our case law over the years, the statute's purpose in granting judges greater discretion, and the consequences of each construction, we conclude that a 'due administration of justice' means a judge should reopen the case if the evidence would materially change the case in the proponent's favor.

*Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003) (quoting CRIM. PROC. art. 36.02 (West 2007)). Section 3(a)(1) of Article 37.07 of the Texas Code of Criminal Procedure provides that the trial court, when hearing evidence in the punishment phase, may review "any matter the court deems relevant to sentencing." CRIM. PROC. art. 37.07, § 3(a)(1).

15

Appellant's son was a planned defense witness for punishment, but he had not arrived when the hearing began, so the trial court allowed Appellant's mother to preview that testimony. The trial court found that the testimony from the son—that he or others lied about Appellant—was irrelevant and immaterial to sentencing. The trial court denied Appellant's request for a recess and denied his request to reopen the sentencing hearing once his son arrived. Appellant never moved for new trial, made an offer of proof, or presented additional evidence to show how he was harmed by the denial of his requests. *See Leach v. State*, 548 S.W.2d 383, 385 (Tex. Crim. App. 1977). Appellant never explained what the son, or others, lied about and how it was material to punishment or how it would affect sentencing in his favor. *See Peek*, 106 S.W.3d at 79; *see also* CRIM. PROC. art. 37.07, § 3(a)(1).

Because Appellant adduced no evidence on how his son's testimony would have had any material effect on punishment, we cannot say that the trial court abused its discretion when it denied Appellant's requests. But, even if we are incorrect, the denial of Appellant's request for a recess and the denial of his request to reopen did not affect Appellant's substantial rights and were harmless. *See* TEX. R. APP. P. 44.2(b); *Gallo*, 239 S.W.3d at 764; *see also Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). We overrule Appellant's final issue.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

March 31, 2015                                                    MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

Arches Evans 1898480
2101 Fm 369 N
Iowa Iowa Park
76367

11 Th court of Appeals
Eastland county courthouse
100 w. main st suite 300
Po. Box 270
Eastland, TX 76448-0270